LeBLANC, Judge.
James D. Liskey, defendant, was formerly employed by Salmon & Associates, Inc., plaintiff. As an incentive to Liskey to continue his employment at Salmon & Associates, Liskey and Salmon & Associates entered into a “Stock Buy-Sell Agreement”. Over a seven year period twenty percent of the stock of Salmon & Associatés was transferred to Lis-key, pursuant to their agreement. The remainder of the Salmon & Associates stock is owned entirely by members of the Salmon family.
Liskey’s employment with Salmon & Associates ended in August of 1992. Shortly after Liskey’s employment ended, Liskey allegedly obtained employment with a competitor. Salmon & Associates filed a lawsuit seeking to compel Liskey to sell his Salmon & Associates stock. The corporation claimed the sale of stock back to the corporation was a mandatory provision of the buy-sell agreement. Liskey responded with a reconven-tional demand against the corporation in which he advanced a shareholder’s derivative action. The derivative action was based on an alleged breach of fiduciary duties owed by the corporation’s directors and majority stockholders to the corporation and the minority stockholders. The derivative action prayed for judgment ordering the corporation to pay dividends from its retained earnings for 1992.
Liskey made an offer to Salmon & Associates to sell his stock, and Salmon & Associates accepted Liskey’s offer and began the process of determining the price to be paid based upon the calculation formula contained in the buy-sell agreement. Liskey’s response to the offered price was to amend his reconventional demand to include allegations that the calculated price for the stock was erroneous. The corporation then filed objections of no right of action and improper use of shareholder’s derivative action. The trial court overruled both objections and Salmon & Associates sought supervisory writs from this court contesting the trial court’s overrul-. ing of their objection of no right of action. Salmon & Associates argue Liskey is no longer a stockholder, pursuant to the buy-sell agreement, and therefore has no right of action to maintain a shareholder’s derivative action.
| gThe issue raised by the exception urging the objection of no right of action is whether the plaintiff has a right or legal interest in the subject matter of the suit at issue. Palowsky v. Premier Bancorp, Inc., 597 So.2d 543, 546 (La.App. 1st Cir.1992). In Palow-sky, this court found the trial court erred in maintaining the objection of no right of action against shareholders who brought a derivative suit against the corporation and its officers and directors because the shareholders clearly had an interest in the subject matter of the derivative suit. Palowsky v. Premier, 597 So.2d at 547.
Salmon & Associates claim Liskey has no right of action to bring this shareholder’ derivative claim because he is no longer a shareholder. Plaintiff asserts La.C.C.P. art. 596 requires that the person bringing the derivative suit must be an owner of shares of stock in the corporation both at the time of the transaction complained of and during the pendency of the litigation.
La.C.C.P. art. 596 provides, in pertinent part:
The petition in a class action brought by a shareholder or member of a corporation or unincorporated association because it refuses to enforce a right which it may enforce shall:
(1) Allege that the plaintiff was a shareholder or member at the time of the occurrence or transaction of which he complains, or that his share or membership thereafter devolved on him by operation of law....
In support of their argument, Salmon & Associates cite the ease of Lewis v. Knutson, 699 F.2d 230 (5th Cir.1983), wherein the plaintiff had to demonstrate he owned stock not only at the time of the transaction complained of, but also during the pendency of the litigation. This “continuous ownership” rule is necessary because standing to bring a derivative action on behalf of a corporation is justified only by the proprietary interest created by the stockholder relationship and the indirect benefits the nominal plaintiff may *414 acquire as a stockholder of the corporation. If the derivative plaintiff is dispossessed of his shares of stock after initiating the derivative action, he destroys the basis for his right to bring the suit. Lewis v. Knutson, 699 F.2d at 238.
In Christopher v. Liberty Oil & Gas Corporation, 94-2280 (La.App. 1st Cir. 10/6/95), 665 So.2d 410, handed down this date, we held that Louisiana law requires |4a derivative or secondary action be brought by a current shareholder. Without the continuous ownership of stock, the plaintiff has no proprietary interest or indirect benefits which he may acquire as stockholder of the corporation; therefore, he lacks a right or legal interest in the subject matter of the suit.
Plaintiff asserts Liskey does not meet this required continuous ownership rule. Pursuant to the buy-sell agreement, Salmon & Associates maintain Liskey lost his shares of stock when the corporation determined Lis-key had entered into the employ of a competitor, and Liskey lost the right to his shares of stock when he agreed to sell the shares, even though the price was not certain.
The record does not support these assertions by plaintiff. The initial suit brought by Salmon & Associates against Liskey began as one for specific performance. Liskey cannot be deemed to have sold or lost his shares of stock as the sale or transfer of Liskey’s stock back to the corporation is the very performance Salmon & Associates seek from Liskey. Liskey has a right of action to bring a shareholder’s derivative suit. The trial court properly overruled Salmon & Associates’ exception raising the objection of no right of action.
For the reasons set forth, the writ of cer-tiorari and stay of proceedings previously issued by this court in this cause are hereby recalled. This matter is remanded to the trial court for further proceedings consistent with this opinion. Costs arising from this writ are assessed against Salmon & Associates.
WRIT RECALLED; MATTER REMANDED.