# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

# 11-1553

**BARBARA J. SHORTER**

**VERSUS**

**MISTY L. AKINS, ET AL.**

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 237,805
HONORABLE GEORGE C. METOYER, JR., DISTRICT JUDGE

**********

**PHYLLIS M. KEATY**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and Phyllis M. Keaty, Judges.

**REVERSED AND REMANDED.**

Howell D. Jones, IV
Attorney at Law
Post Office Box 14558
Alexandria, Louisiana  71315
(318) 442-1515
Counsel for Plaintiff/Appellant:
    Barbara J. Shorter

Thomas Wahlder
Attorney at Law
1740 Jackson Street
Alexandria, Louisiana  71301
(318) 442-9417
Counsel for Plaintiff/Appellant:
    Barbara J. Shorter

**Laurel I. White**
**Assistant Attorney General**
**Post Office Box 1710**
**Alexandria, Louisiana  71309**
**(318) 487-5944**
**Counsel for Defendants/Appellees:**
    **The Board of Supervisors of LSU and Agricultural and Mechanical College**
    **State of Louisiana, through the LSU Health Care Services Division d/b/a**
    **Huey P. Long Medical Center**
    **Misty L. Akins**

**KEATY, Judge.**

Plaintiff appeals a judgment of the trial court granting an exception of no right of action filed by the defendant and dismissing her suit with prejudice. For the following reasons, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On July 28, 2009, Barbara Shorter was involved in an accident in the parking lot of Huey P. Long Medical Center (HPLMC) in Pineville, Louisiana. According to the petition for damages, Shorter backed out of a parking space and came to a complete stop when her car was struck by a van owned by HPLMC and operated by Misty Akins in the course and scope of her employment with HPLMC.[1] Named as defendants in the action were Akins and The Board of Supervisors of Louisiana State University and Agricultural and Mechanical College through the Louisiana State University Health Care Services Division d/b/a Huey P. Long Medical Center (HPLMC), whom Shorter claimed was vicariously liable for the negligence of its employee, Akins.

HPLMC filed an exception of no right of action claiming that, because Shorter was its employee and in the course and scope of her employment when the accident occurred, her remedy against it was limited to workers' compensation. *See* La.R.S. 23:1032. HPMLC prayed that judgment be rendered in its favor, dismissing Shorter's tort suit against it.

Shorter opposed the exception, contending that she had finished her shift, clocked out, and was on her way home when the accident occurred. She attached to her memorandum in opposition an affidavit wherein she stated that on July 28, 2009, her work hours were from 6:00 a.m. to 2:30 p.m., and that when the accident

---

[1] Although Shorter originally filed her petition in Pineville City Court, by order dated February 26, 2010, the matter was transferred to the Ninth Judicial District Court in the Parish of Rapides at her request.

occurred in the hospital's parking lot around 3:00 p.m., she had completed her work for the day, was not on the clock, and was not being compensated for her time.

Following a hearing on August 1, 2011, the trial court rendered judgment in favor of HPLMC, granting the exception of no right of action and dismissing Shorter's suit with prejudice at her cost. Shorter now appeals, asserting that the trial court erred in granting the exception of no right of action because she belongs to the class of persons to whom the law grants the cause of action asserted in her suit. She further asserts that the trial court erred in finding that her injury occurred in the course and scope of her employment and that it arose out of her employment.

## DISCUSSION

The peremptory exception of no right of action tests whether the plaintiff has any interest in judicially enforcing the right asserted. To prevail on an exception of no right of action, the defendant must show that the plaintiff does not have an interest in the subject matter of the lawsuit or the legal capacity to proceed.

Because it involves a question of law, the standard of review of the trial court's granting of the exception of no right of action is *de novo* review.

*Bennett v. Porter*, 10-1088, pp. 7-8 (La.App. 3 Cir. 3/9/11), 58 So.3d 663, 670 (citations omitted).

The exception does not raise the question of the plaintiff's ability to prevail on the merits nor the question of whether the defendant may have a valid defense. Evidence supporting or controverting an objection of no right of action is admissible. The party raising a peremptory exception bears the burden of proof.

*Falcon v. Town of Berwick*, 03-1861, p. 3 (La.App. 1 Cir. 6/25/04), 885 So.2d 1222, 1224 (citations omitted).

As the exceptor, HPLMC had the burden of showing that Shorter did not have an "interest in judicially enforcing the right asserted" in her suit against it. *See Bennett*, 58 So.3d at 670. In other words, HPLMC had to prove that Shorter

2

had no right to proceed against it in tort and was instead limited by the exclusivity provisions of "the Louisiana Workers[']  Compensation Act, La.R.S. 23:1032, which provides immunity from civil liability in favor of an employer."[2] *Broussard v. Smith*, 08-473, p. 2 (La.App. 3 Cir. 12/3/08), 999 So.2d 1171, 1173. To satisfy its burden, HPLMC had to prove that Shorter was in the course and scope of her employment when the accident occurred, and it made such an assertion in its exception of no right of action. Shorter opposed that assertion by filing an affidavit challenging the assertion on the basis that she was no longer in the course and scope of her employment at the time of the accident. HPLMC offered no evidence to contradict the assertions attested to in Shorter's affidavit.

Based on our de novo review of the record, we conclude that HPLMC did not meet its burden of proving that Shorter had no right to proceed against it in tort. Accordingly, we reverse the trial court's judgment granting HPLMC's exception of no right of action and dismissing Shorter's petition against it, and we remand this matter to the trial court for further proceedings consistent with this opinion.

## CONCLUSION

For the forgoing reasons, we reverse the trial court's judgment granting the exception of no right of action filed by the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College through the Louisiana State University Health Care Services Division d/b/a Huey P. Long Medical Center, and we remand this matter to the trial court for further proceedings consistent with this opinion. All costs of this appeal are assessed against the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College through the

---

[2] The intentional act exception to this exclusivity rule is not at issue in this matter as Shorter asserted that the accident was caused by Akins' negligence. She did not allege that Akins was guilty of committing an intentional tort against her. *See* La.R.S. 23:1032(B).

Louisiana State University Health Care Services Division d/b/a Huey P. Long Medical Center.

**REVERSED AND REMANDED.**