NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 13-755 consolidated with CA 13-756, CA 13-757, CA 13-758

KENNETH JAMES MOUTON, ET AL.

VERSUS

GEORGE HEBERT, III

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 74594 C/W 75270 C/W 75271 C/W 75300
HONORABLE JAMES RAY MCCLELLAND, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and John E. Conery, Judges.

VACATED AND REMANDED.

Conery, J., concurs in the result but would remand for the sole purpose of having the trial court supplement the record with the contracts in question.

**Andree Matherne Cullens**
**Katia Desrouleaux Bowman**
**Taylor, Porter, Brooks & Phillips L.L.P.**
**Chase Tower South**
**451 Florida Street, 8th floor (70801)**
**Post Office Box 2471**
**Baton Rouge, LA 70821-2471**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
     **George Hebert, III**
     **Marguerite Hebert**
     **Mark Edward Hebert**
     **George Hebert, IV**
     **Gloria Hebert Newland**
     **Hebert's of Henderson, Inc.**
     **Hebert's Superette, Inc.**

**Bart J. Hebert**
**Meghan L. Young**
**Boyer, Hebert, Abels & Angelle, LLC**
**401 E. Mills Avenue**
**Breaux Bridge, LA 70517**
**(337) 332-0616**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
     **Kenneth James Mouton**
     **Hebert's Superette, Inc.**
     **Hebert's of Henderson, Inc.**

**EZELL, Judge.**

As part of two stock repurchase agreements, Kenneth Mouton agreed to sell his stock in two different corporations, Hebert's Superette, Inc. and Hebert's of Henderson, Inc. Subsequent to the signing of the agreements, Mr. Mouton filed a derivative action on behalf of each corporation claiming that George Hebert, as president and chairman/member of the board of directors of both corporations, breached a fiduciary duty he owed to the corporations. Mr. Mouton also filed suits for breach of the agreements. In response to the derivative actions, the corporations filed an exception of no right of action claiming that Mr. Mouton was no longer a shareholder with standing to assert a derivative action. For the following reasons, we vacate the judgment of the trial court and remand the case back to the trial court.

## FACTS

Mr. Mouton owned 1000 shares of stock in Hebert's Superette, Inc. and 250 shares of stock in Hebert's of Henderson, Inc., representing an ownership interest of 25% in each corporation. Mr. Mouton decided to sell his stock in both corporations back to the corporations. Two separate repurchase agreements provided the details of the sale of the stock. The agreements contained almost identical language. The signing of the agreements took place on January 31, 2008. The agreements provided that the corporations would redeem and repurchase Mr. Mouton's shares of stock in the corporation in ten redemptions of 2.5% of the shares annually. In addition to the repurchase of the shares, Mr. Mouton would continue to share, proportionately, in the net profits of the two corporations for the duration of the agreements.

Both corporations paid Mr. Mouton the first installment for the stock repurchase as agreed to in the agreements. Mr. Mouton alleges that George Hebert,

president of both corporations, then told him that he would never see another penny attributable to the profits in either corporation. According to Mr. Mouton, the corporations discontinued including him in the distributions of their net profits to the shareholders.

Four separate suits were filed. Mr. Mouton filed a suit against each corporation for breach of the repurchase agreements. He also instituted derivative actions on behalf of each corporation against Mr. Hebert. The four actions were consolidated.

Then, in accordance with the repurchase agreements, the corporations and Mr. Mouton entered into one sale for 10% of his shares of stock on January 31 of each of the years of 2009, 2010, 2011, and 2012. By letters dated July 27, 2012, the corporations offered to purchase Mr. Mouton's remaining shares of stock. Included with the letters were two checks in the amount of $87,500.00 each, representing the amount due for the remaining shares of stock. Mr. Mouton rejected these offers and destroyed the payments.

Based on these offers to buy Mr. Mouton's remaining stock, the corporations then filed a peremptory exception of no right of action seeking to dismiss the derivative actions filed by Mr. Mouton. Arguing that Mr. Mouton was no longer a shareholder, the corporations claimed that he had no right to continue to pursue derivative claims on their behalf.

A hearing on the exception of no right of action was held. The trial court ruled that, while the agreements were not credit sales and Mr. Mouton retained ownership of stock that had not been repurchased, there was no provision in the agreements that prohibited prepayment by the corporations. Based on this reasoning, the trial court held that the tender of the payment in July 2012 by the

2

corporations was proper and the corporations acquired ownership of the stock at that time. Thus, Mr. Mouton was no longer a shareholder in the corporations and could no longer pursue the derivative actions on behalf of the corporations. The trial court granted the corporations' exception of no right of action. Mr. Mouton then filed the present appeal on behalf of Hebert's Superette and Hebert's of Henderson.

## NO RIGHT OF ACTION

The purpose of the exception of no right of action is to determine whether a plaintiff has an interest in instituting the suit. La.Code Civ.P. art. 927(6); *Shorter v. Atkins*, 11-1553 (La.App. 3 Cir. 4/4/12), 86 So.3d 883, *writ denied*, 12-1363 (La. 10/8/12), 98 So.3d 853. "To prevail on an exception of no right of action, the defendant must show that the plaintiff does not have an interest in the subject matter of the lawsuit or the legal capacity to proceed." *Shorter*, 86 So.3d at 885. Whether a plaintiff has a right to bring an action raises a question of law which requires a de novo review. *Eagle Pipe and Supply, Inc. v. Amerada Hess Corp.*, 10-2267, 10-2272, 10-2275, 10-2279, 10-2289 (La. 10/25/11), 79 So.3d 246.

A shareholder may bring a derivative action to enforce a right on behalf of a corporation. La.Code Civ.P. art. 611. Louisiana law requires that a plaintiff have continuous ownership of the stock during the pendency of the litigation because of the necessity of a proprietary interest or an indirect benefit which he may acquire as a stockholder. *Salmon & Assocs., Inc. v. Liskey*, 94-2283 (La.App. 1 Cir. 10/6/95), 665 So.2d 412, *writ denied*, 96-456 (La. 3/29/96), 665 So.2d 412.

All parties relied upon the two repurchase agreements in support of their arguments. The agreements were the basis for the trial court's ruling. After a review of the record, we determined that the two agreements relied upon by

everyone were not introduced into evidence at the hearing on the exception of no right of action. Louisiana Code of Civil Procedure Article 931 permits the introduction of evidence at a hearing on a peremptory exception of no right of action.

It has long been recognized that appellate courts are courts of record which neither can receive new evidence nor review evidence that is not in the record. *Denoux v. Vessel Mgt. Servs., Inc.*, 07-2143 (La. 5/21/08), 983 So.2d 84. Evidence attached to memoranda and not properly and officially offered and introduced does not constitute evidence and cannot be considered, even if it is physically in the record. *Id.*; *Brielle's Florist & Gifts, Inc. v. Trans Tech, Inc.*, 11-260 (La.App. 3 Cir. 10/5/11), 74 So.3d 833.

The agreements were only attached as copies to memorandum in the record. We have also reviewed the evidence proffered by the parties after the hearing. The agreements are not included in the proffered evidence. Thus, the grounds for granting the exception of no right of action were not part of the record. Based on the record before us, the corporations failed to meet their burden of proof. The trial court erred in granting the peremptory exception of no right of action filed by Hebert's Superette, Inc. and Hebert's of Henderson, Inc.

The judgment of the trial court granting the peremptory exception of no right of action is vacated. This matter is remanded to the trial court. Costs of this appeal are assessed to Hebert's Superette, Inc. and Hebert's of Henderson, Inc.

**VACATED AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.

4