THERIOT, J.
|2In this case involving a petition to recover damages for breach of contract, the plaintiff/appellant, Lili Collections, L.L.C., has appealed from the judgment of the Thirty-second Judicial District Court sustaining an exception raising the objection of no right of action and dismissing the plaintiffs petition with prejudice.' For the reasons set forth herein, we affirm.
FACTS AND PROCEDURAL HISTORY
On or about July 15, 2003, Aegis Innovative Solutions, L.L.C. (Aegis) entered into an agreement with Terrebonne Parish Consolidated Government (TPCG) for professional services regarding management and performance of the Hurricane Lili Hazard Mitigation Grant Program (the Program) for TPCG.
According to Article II of the agreement, TPCG would pay Aegis a lump sum for its professional services. Article II was later amended to increase the lump sum and to state that TPCG would not be liable for payment for work performed by Aegis that was not funded by the Federal Emergency Management Agency (FEMA) and/or the State of Louisiana Office of Homeland Security and Emergency Preparedness (the State). The amendment became effective November 5, 2004.
Aegis allegedly went unpaid for some of its services to TPCG. ' TPCG claimed that since it did not receive the necessary funds from FEMA and the State, it could not pay Aegis pursuant to Article II of the agreement as amended. Due to the nonpayment by TPCG, Aegis assigned its rights and causes of action under the agreement to Lili Collections, L.L.C. (Lili). Lili and Aegis made amicable demand upon TPCG and a request for a good faith effort by TPCG to secure payment from FEMA and/or the State but a |spayment was never received. As a result, Lili filed a petition for breach of contract against TPCG on July 22, 2013, claiming TPCG was liable to Lili for the debt it first owed to Aegis and that had been assigned to Lili.
TPCG filed a peremptory exception raising the objection of no right of action on September 3, 2013, claiming that the assignment of Aegis’s rights to Lili was in violation of Article XIII of the agreement between TPCG and Aegis; that TPCG never consented to the assignment; and that Lili had no privity of contract with TPCG. In response to the exception, Lili claimed that the agreement between TPCG and Aegis amounted to a secured transaction, triggering Chapter 9 of the Uniform Commercial Code regarding secured transactions, thereby rendering the non-assignment clause ineffective.[1] Lili claimed that Article XIII of the agreement, which states that Aegis could not assign its rights to a third party without the consent of TPCG, is contrary to the provisions of the U.C.C. and is therefore unenforceable.
The exception was heard before the district court on January 31, 2014. The dis *436 trict court adopted the legal argument of TPCG and signed a judgment on February. 4, 2014, granting the exception and dismissing Lili’s petition with prejudice. Lili filed a timely appeal.
ASSIGNMENT OF ERROR
Lili alleges that the district court erred in finding that it did 'not have a right of action for breach of contract against TPCG.
STANDARD OF REVIEW
To prevail on an exception raising the objection of no right of action, the defendant must show that the plaintiff does not have an interest in the subject matter of the lawsuit or the legal capacity to proceed. Shorter v. Akins, 2011-1553 (La.App. 3 Cir. 4/4/12), 86 So.3d 883, 885, writ denied, 2012-1363 (La.10/8/12), 98 So.3d 853. Because it involves a .question of law, the standard of review of the district court’s granting of the exception raising the objection of no right of action is de novo. Id, No right of action for breach of contract may- lie in the absence of privity of contract between the parties. Estate of Mayeaux v. Glover, 2008-2031 (La.App. 1 Cir. 1/12/10), 31 So.3d 1090, 1095, writ denied, 2010-0312 (La.4/16/10), 31 So.31069.
DISCUSSION
By Act 137 of 1989, known as the U.C.C Implementation Bill, the Louisiana legislature enacted into law a modified version of Article 9 of the U.C.C. as Chapter 9 of the Louisiana commercial laws. La. R.S. 10:9-101 et seq.; Diamond Services Corp. v. Benoit, 2000-0469 (La.2/21/01), 780 So.2d 367, 379. Title 10, Chapter 9 of the Louisiana Revised Statutes, where Chapter 9 of the U.C.C. has been incorporated, is titled “Secured Transactions.” La. R.S. 10:9-101. Unless displaced by the particular provisions of Title 10, the other laws of Louisiana supplement its provisions. Hardin Compounding Pharmacy, LLC v. Progressive Bank, 48,397 (La.App. 2 Cir. 9/25/13), 125 So.3d 493, 496, writ denied, 2013-2517 (La.1/27/14), 131 So.3d 60.
Lili’s petition cites a breach of contract and does not indicate that TPCG has violated any provision of Title 10 or the U.C.C. Lili did not argue in its petition that TPCG owed a secured debt and never raised that issue until after TPCG filed its exception for no right of action. In its judgment, the district court adopted as its reasons the memorandum of TPCG in support of the exception, which argues that La. R.S. 10:9-109(c)(2) rendered the entire Chapter inapplicable when “another statute or the ^constitution of this State expressly governs the creation, perfection, priority, or enforcement of a security interest created by this State or a governmental unit of this State.” TPCG argued that the Louisiana Attorney General, in General Opinion 02-0165, concluded that Chapter 9 of the U.C.C. is limited in scope due to certain statutory and constitutional prohibitions to its general application. The Attorney General opinion cites La. R.S. 39:1410.60 and Louisiana Constitution Article VII, Sections 8 and 14 as specifically prohibiting' Aegis’s assignment of TPCG’s debt to Lili.
Regardless of the validity of this argument by TPCG, we find there is no right of action for Lili to sue based simply upon the reading of the petition itself. We must, answer the question whether Lili has an interest in judicially enforcing the right asserted. See Northshore Capital Enterprises v. St. Tammany Hosp. Dist. No. 2, 2001-1606 (La.App. 1 Cir. 6/21/02), 822 So.2d 109, 112, writ denied, 2002-2023 (La.11/1/02), 828 So.2d 584. The petition ■ seeks damages based on a breach of contract, not for nonpayment of a secured *437 debt. • Lili alleges in the petition that TPCG did not perform its obligation under the agreement to compensate Aegis for its work in conjunction with the Program. The actual issue, then, is whether Lili had privity of contract with TPCG. See Estate of Mayeaux, 31 So.3d at 1095.
A party may transfer its claim against another party for collection. La. R.S. 9:3051. However, rights and obligations are assignable unless the law or the terms of the contract prohibit it. La. C.C. art. 1984. Article XIII of the agreement addresses assignment of rights: “This Agreement may not be assigned by either party, in whole or in part without the express permission of the other.” Aegis never received permission from TPCG to assign its rights against TPCG to Lili. The assignment was prohibited under the | ñcontract, thus, Lili never had privity of contract with TPCG. Lili’s assignment of error lacks merit.
CONCLUSION
Lili never had privity of contract with TPCG due to an assignment of Aegis’s rights to which TPCG did not consent. Without privity of contract, Lili does not possess a breach of contract right of action against TPCG.
DECREE
The judgment of the district court sustaining the exception of no right of action in favor of Terrebonne Parish Consolidated Government is affirmed. All costs of this appeal are assessed to the plaintiff/appellant, Lili Collections, L.L.C.
AFFIRMED.

. Chapter 9 of the Uniform Commercial Code is codified in the Louisiana Revised Statutes as La. R.S. 10:9-101 elseq.