**PARISH OF JEFFERSON**

v.

**PAROCHIAL EMPLOYEES' RETIREMENT SYSTEM OF LOUISIANA and The Board of Trustees of the Parochial Employees' Retirement System of Louisiana**

2015 CA 1999

Court of Appeal of Louisiana, First Circuit.

September 16, 2016

Guice A. Giambrone, III Jacob K. Best Metairie, Louisiana Attorneys for Plaintiff/Appellant Parish of Jefferson

Denise Nelson Akers Baton Rouge, Louisiana Attorney for Defendant/Appellee Parochial Employees' Retirement System of Louisiana

BEFORE: PETTIGREW, McDONALD, AND DRAKE, JJ.

McDONALD, J.

In this case involving a petition for declaratory judgment, temporary restraining order, preliminary injunction, and permanent injunction, the plaintiff/appellant, the Parish of Jefferson, has appealed a judgment sustaining an exception raising the objection of no right of action and dismissing that portion of the Parish of Jefferson's petition seeking injunctive relief. For the reasons set forth herein, we affirm.

## FACTS AND PROCEDURAL HISTORY

The Parish of Jefferson filed a petition for declaratory judgment, temporary restraining order, preliminary injunction, and permanent injunction on August 24, 2015, naming as defendants the Parochial Employees' Retirement System of Louisiana (PERS) and the Board of Trustees of PERS. The Jefferson Community Action Program (JEFFCAP), an agency of the Parish of Jefferson, administered the Jefferson Parish HeadStart Programs. Sharon Ogden, Sadie Dent, Loretta Woodfork, Annie Daniels, and Elizabeth Trosclair (hereafter the five HeadStart employees), were all instructors/teachers in the Jefferson Parish HeadStart Program. In 2000, PERS was permitting the five HeadStart employees (among approximately one hundred and ten other HeadStart employees) to make contributions to PERS, and PERS treated them as full members in the PERS system. PERS had allowed the five HeadStart teachers to make contributions for years, if not decades, according to the petition.

The Parish of Jefferson alleged that around 2000 or 2001, Aubrey C. Tynes, the secretary/manager of the Employees' Retirement System of Jefferson Parish (ERSJP), which provided retirement benefits and services to Jefferson Parish employees, along with two PERS employees, Dainna Tully and Thomas Sims, determined that HeadStart employees were not eligible to participate in PERS because HeadStart employees did not work a full twelve months out of the year. Discussions and meetings were thereafter held with HeadStart employees to determine how to transition them out of PERS.

Of the approximate one hundred and ten employees of HeadStart that had been contributing to PERS for relatively short

periods of time by 2000 or 2001, many opted to receive a return of accumulated contributions and discontinue PERS membership. The five HeadStart employees who had been working for many years prior to 2000 or 2001 were nearing the end of their working careers and had contributed much larger amounts to PERS.

According to the petition, Mr. Tynes, Ms. Tully, and Mr. Sims concluded that it would be inequitable to withdraw the five HeadStart employees from PERS and return their contributions to them; thus, they agreed to allow them to remain members of PERS, receive PERS retirement benefits, and continue in the full-time employment of the Parish of Jefferson and Head-Start.

The five HeadStart employees have since retired. Ms. Ogden began receiving PERS retirement benefits on February 19, 2004, and fully retired from her employment with HeadStart on July 26, 2013. Ms. Daniels began receiving PERS retirement benefits on June 1, 2001, and fully retired from HeadStart on December 12, 2005. Ms. Trosclair began receiving PERS retirement benefits on June 1, 2001, and fully retired from HeadStart on March 31, 2004. Ms. Woodfork began receiving PERS retirement benefits June 1, 2001, and fully retired from HeadStart on April 25, 2015. Ms. Dent began receiving PERS retirement benefits on November 6, 2001, and fully retired from HeadStart on July 22, 2005.

Thereafter, on July 27, 2015, PERS sent notice to the five HeadStart employees of its intent to reduce their retirement benefits to recoup payments allegedly improperly made to them between 2001 and 2015. On March 31, 2015, PERS sent notice to ERSJP and the Parish of Jefferson that it believed ERSJP and the Parish of Jefferson had violated La. R.S. 11:1928[1] and Jefferson Parish Ordinance 23-295[2] by not notifying PERS that the Parish of Jefferson was employing the five HeadStart employees between 2001 and 2015. PERS demanded that ERSJP and the Parish of Jefferson make payment for overpayments of $342,858.39 that it made to the five HeadStart employees. PERS asserted that the overpayments were caused by the Parish of Jefferson by failing to notify PERS of the continued employment of the five HeadStart employees, which caused significant overpayment.

The Parish of Jefferson prayed for a judgment in its favor and against PERS and the Board of Trustees of PERS decreeing that: the agreement between Mr. Tynes, Ms. Tully, and Mr. Sims was effective as a notification to the defendants pursuant to La. R.S. 11:1928(B) of the five HeadStart employees' continued employment by the Parish of Jefferson; that the agreement by Mr. Tully, Mr. Sims, and Mr. Tynes to allow the five HeadStart employees to continue their employment with HeadStart and receive PERS benefits precluded the defendants from asserting rights against the five HeadStart employees, the Parish of Jefferson, and ERSJP, which justifiably relied upon such conduct and changed their position in reliance thereon; that liberative prescription

---

1. Louisiana Revised Statutes 11:1928 provides for re-employment of retirees.

2. The Parish of Jefferson Code of Ordinances, Chapter 23, Article VII, Division 3, Subdivision V, Sec. 23-295 provides that:
   Any person who has retired under the provisions of this "supplemental retirement plan" may be employed by the Jefferson Parish, or any of its agencies as a part-time employee provided he is retained on the same basis and follows the same guidelines as provided in the Parochial Employees' Retirement System of Louisiana in reference to reemployment after retirement with his former employer.

precluded PERS from recouping any retirement benefits from Ms. Daniels, Ms. Trosclair, and Ms. Dent; that liberative prescription precluded the defendants from recouping a portion of the retirement benefits identified in its July 27, 2015 letter to Ms. Ogden and Ms. Woodfork.

The Parish of Jefferson asserted that the five HeadStart employees were all retirees on fixed incomes and had no substantial savings or alternative means of income and would be unable to maintain housing, obtain sustenance, and pay for healthcare if PERS reduced their retirement benefits as indicated in its July 27, 2015 letter; and that the five would all suffer immediate and irreparable injury, loss, or damage if PERS reduced their retirement benefits by a third commencing September 1, 2015.

The Parish of Jefferson further prayed for a temporary restraining order prohibiting and enjoining the defendants from recouping or reducing any retirement benefits paid to the five HeadStart employees; a preliminary injunction prohibiting and enjoining the defendants from recouping or reducing any retirement benefits paid to the five HeadStart employees; a permanent injunction prohibiting and enjoining the defendants from recouping or reducing any retirement benefits to the five HeadStart employees; and any all other relief at law or in equity.

The trial court granted a temporary restraining order on August 24, 2015, prohibiting and enjoining PERS and the PERS Board of Trustees from reducing or recouping the retirement benefits of the five HeadStart employees.

PERS filed a peremptory exception raising the objection of no right of action, asserting that it was required by law to reduce the retirement payments and recover the overpayments, and that the Parish of Jefferson had no right of action to attempt to prevent PERS from fulfilling its duty under the law. PERS also filed a peremptory exception raising the objection of no cause of action, asserting that the Parish of Jefferson had not stated a cause of action for any of the relief requested; that by law, if a retired employee became employed again, the employer and employee had an obligation to notify PERS immediately and the retiree's benefit must be reduced; and, that there were no grounds upon which the Parish of Jefferson could have accepted an oral agreement by PERS employees to violate the law, thus the elements of detrimental reliance were absent. Further, PERS asserted that the Parish had no cause of action because there was no justiciable dispute or controversy between PERS and the Parish of Jefferson, and that the Parish of Jefferson was seeking a mere advisory opinion on behalf of the five HeadStart employees who were not parties to the litigation.

The matter was heard on September 3, 2015. Thereafter, the trial court sustained the objections of no right of action and no cause of action o n behalf of PERS, denied the injunctive relief requested, and denied all relief requested on behalf of the five HeadStart employees. Further, the trial court denied the exception raising the objections of no right of action and no cause of action with regard to the declaratory relief on behalf of the Parish of Jefferson, "so that this matter may go forward as an ordinary proceeding on the request for declaratory judgment by the Parish of Jefferson for this court to declare the rights between Parish of Jefferson and PERS." The trial court dissolved the temporary restraining order previously issued. Judgment was rendered at the close of the hearing, and the trial court signed a judgment in accordance with this ruling on September 17, 2015. The Parish of Jefferson has appealed that judgment.

## THE ASSIGNMENT OF ERROR

In its sole assignment of error, the Parish of Jefferson asserts that the trial court erred in disregarding the additional exposure to claims that the Parish of Jefferson will face as a result of the trial court's decision to grant PERS' objection of no right of action regarding the Parish of Jefferson's petition for preliminary injunction.

## THE STANDARD OF REVIEW

To prevail on an exception raising the objection of no right of action, the defendant must show that the plaintiff does not have an interest in the subject matter of the lawsuit or the legal capacity to proceed. Because it involves a question of law, the standard of review of the district court's granting of the exception raising the objection of no right of action is *de novo*. **Lili Collections, LLC v. Terrebonne Parish Consol. Gov't,** 2014–1541 (La.App. 1 Cir. 6/18/15), 175 So.3d 434, 436, writ not considered, 2015–1413 (La. 10/2/15), 178 So.3d 579.

## THE APPLICABLE STATUTE

Louisiana Revised Statutes 11:1928 provides in pertinent part:

A. Any person who has retired under the provisions of this Chapter may be temporarily employed by an employer participating in this plan, subject to the following limitations. If a retiree is under age sixty-five or has not been retired at least three years, he may be employed no more than four hundred eighty hours in a calendar year. If a retiree is age sixty-five or older and has been retired at least three years, he may be employed no more than one thousand forty hours in a calendar year. However, if the retiree is employed longer than the maximum hours stated above, his retirement benefit will be reduced by the amount earned after the allowed number of hours.

B. (1) If the retired member, who is otherwise eligible, becomes permanently employed by an employer participating in this plan, the retired member and the employer shall immediately notify the board of the retiree's date of employment, the amount of his monthly salary, any changes in salary, number of hours employed per week, estimated duration of employment, and date of termination of employment. However, this Section shall not apply to retirees who are elected to office and are prohibited from joining this system under Article X, Section 29.1(A) of the Constitution of Louisiana.

At the time the retired member returns to permanent employment, the benefit of the retiree shall be suspended and he shall be considered as returning to active service and employee and employer contributions shall resume.

C. Upon subsequent termination of employment of a retired contributing member, the retired contributing member shall begin receiving his original retirement benefit and shall receive an additional benefit based on his additional service and the compensation earned during the period of additional service.

## DISCUSSION

An injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant. La. C.C.P. art. 3601. However, in its petition, the Parish of Jefferson alleges that irreparable injury, loss, or damage may result to the five HeadStart employees, not to the Parish of Jefferson.

The writ of injunction is a harsh, drastic, and extraordinary remedy. Irreparable injury has been interpreted to mean

a loss that cannot be adequately compensated in money damages or measured by a pecuniary standard. **Concerned Citizens for Proper Planning, LLC v. Parish of Tangipahoa,** 2004–0270 (La.App. 1 Cir. 3/24/05), 906 So.2d 660, 664. While the Parish o f Jefferson may face financial exposure to claims from the five HeadStart employees, that is not an irreparable injury, loss, or damage to the Parish of Jefferson, insofar as it can be measured by a pecuniary standard.

In its brief, the Parish of Jefferson cites ERISA (Employee Retirement Income Security Act of 1974, 29 U.S.C.S. § 1001 *et seq.*) cases for its contention that an employer may sue the retirement plan on behalf of its employees.[3] However, ERISA governs private retirement plans. 29 U.S.C.S. § 1003(b)(1). PERS is a government retirement plan. Thus, the ERISA cases cited are inapplicable to the present case.

### CONCLUSION

The Parish of Jefferson does not possess a right of action for injunctive relief against PERS to enjoin it from reducing or recouping retirement benefits paid to the five HeadStart employees.

### DECREE

Thus, for the foregoing reasons, after a *de novo* review, the trial court judgment is affirmed. The costs of this appeal in the amount of $1,244.50 are assessed against the plaintiff/appellant, the Parish of Jefferson.

**AFFIRMED.**

3. **Fentron Indus., Inc. v. National Shopmen Pension Fund,** 674 F.2d 1300 (9th Cir.1982), <u>abrogated in part by</u> **McBride v. PLM Int'l, Inc.,** 179 F.3d 737 (9th Cir.1999); **In re Ex-** press Scripts, Inc., PBM Litig., 2007 WL 4333380 (E.D.Mo.2007); and **Yates v. Blended Health, L.L.C.,** 2007 WL 4986317 (E.D.Tex.2007).