# NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

*JEW*
*WITH*
*mut.*
*[handwritten annotations]*

## 2021 CA 0989

### INTERNATIONAL EQUIPMENT DISTRIBUTORS, INC.

### VERSUS

### THE LIVINGSTON PARISH GOVERNMENT, BY AND THROUGH THE LIVINGSTON PARISH COUNCIL

Judgment Rendered:  **MAY 2 4 2022**

* * * * * * *

APPEALED FROM THE TWENTY-FIRST JUDICIAL DISTRICT COURT
IN AND FOR THE PARISH OF LIVINGSTON
STATE OF LOUISIANA
DOCKET NUMBER 132204, DIVISION "A"

HONORABLE JEFFREY S. JOHNSON, JUDGE

* * * * * * *

Michael D. Hunt
Gregory T. Stevens
Paul LeBlanc
Baton Rouge, Louisiana

Attorneys for Intervener/Appellant
SE Property Holdings, LLC

Christopher M. Moody
Albert D. Giraud
Hammond, Louisiana

Attorneys for Defendant/Appellee
Livingston Parish Government, by
and through the Livingston Parish
Council

**BEFORE:  McDONALD, WELCH, THERIOT, LANIER, AND WOLFE, JJ.**

*Wolfe, J. agrees in part and dissents in part.*

**McDONALD, J.**

In this case, the district court granted defendant's exception of no right of action, dismissing a petition of intervention. Defendant's exception of no cause of action and motion for protective order were denied as moot. The intervenor appealed. After review, we reverse the judgment in part, affirm in part, and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

International Equipment Distributors, Inc. (IED) performed debris removal in Livingston Parish following Hurricane Gustav. On February 24, 2011, IED filed suit against Livingston Parish Government, through the Livingston Parish Council (Livingston Parish), asserting that it failed to pay for the work it requested. IED asserted that Livingston Parish breached its contract with IED and failed to pay an open account.

SE Property Holdings, LLC (SEPH) filed a petition of intervention, maintaining that it held a first priority security interest in the accounts receivable owed by Livingston Parish to IED. By letters dated April 20, 2012, May 10, 2012, March 16, 2015, and June 10, 2015, SEPH provided Livingston Parish with notice of its security interest in the accounts receivable and required that all payments owed to IED be made directly to SEPH. However, no such payments were made. SEPH maintained that it held a final judgment against IED in a suit, **SE Property Holdings, LLC v. Unified Recovery Group, LLC, et al.,** (M.D. La. Apr. 3, 2013), 2013 WL 1385398, which found that IED and another defendant were liable, *in solido*, to SEPH in the amount of $23,626,922.31, plus interest and costs. SEPH noted that the amount was subject to a credit in favor of the judgment debtors for $1,527,334.00 for property seized and sold at sheriff's sale in Terrebonne Parish and Washington Parish.

SEPH maintained that as a result of the judgment and SEPH's perfected

security interest in the accounts receivable at issue in the lawsuit, it was the proper party to receive any recovery up to the amount of the judgment obtained as a result of the proceeding by or in favor of IED, whether by judgment, settlement, or otherwise.

Livingston Parish filed a peremptory exception of no right of action, a peremptory exception of no cause of action, and a motion for protective order. In the exception of no right of action, Livingston Parish maintained that the contract between IED and Livingston Parish provided that assignment of the agreement could not be made without the advanced written consent of the owner, and the SEPH had not obtained the advanced written consent of Livingston Parish, and thus, SEPH had no right to intervene in the action.

In its opposition to the exception of no right of action, SEPH maintained that the exception relied upon the argument that an assignment of rights by IED to SEPH was invalid; however, SEPH was not claiming an assignment of rights. Rather, SEPH maintained that IED was a debtor of SEPH, that SEPH possessed a security right in accounts receivable by IED, including accounts receivable in which Livingston Parish was a debtor. Therefore, SEPH maintained, it was a secured party with the right of action established by La. R.S. 10:9-607(a)(3).

After a hearing, the district court granted the exception of no right of action and dismissed SEPH's intervention, and further, denied the exception of no cause of action and protective order as moot. SEPH appealed that judgment. On appeal, SEPH maintains that the district court erred in granting the exception of no right of action and erred in not denying the exception of no cause of action on the merits.

**ASSIGNMENT OF ERROR NO. 1**

In this assignment of error, SEPH maintains that the district court erred in granting Livingston Parish's exception of no right of action. It asserts that La. R.S. 10:9-607(a)(3) expressly provides a secured party, SEPH, a right and cause of action

3

to assert the rights of its debtor, IED, against any account debtor, in this case Livingston Parish.

An exception of no right of action is a peremptory objection designed to test whether the plaintiff has a real and actual interest in the action. La. C.C.P. art. 927(A)(6); **Hood v. Cotter**, 2008-0215 (La. 12/2/08), 5 So.3d 819, 829. Except as otherwise provided by law, an action can only be brought by a person having a real and actual interest which he asserts. La. C.C.P. art. 681. Whether a plaintiff has a right of action is ultimately a question of law; therefore, it is reviewed *de novo* on appeal. **OXY USA Inc. v. Quintana Production Co.**, 2011-0047 (La. App. 1 Cir. 10/19/11), 79 So.3d 366, 376, writ denied, 2012-0024 (La. 3/2/12), 84 So.3d 536. Where doubt exists regarding the appropriateness of an exception of no right of action, it is to be resolved in favor of finding a right of action. See **Rebel Distributors Corp., Inc. v. LUBA Workers' Comp.**, 2013-0749 (La. 10/15/13), 144 So.3d 825, 833.

Louisiana Revised Statutes 10:9-607 provides in part:

**(a) Collection and enforcement generally.** If so agreed, and in any event after default, a secured party:

(1) may notify an account debtor or other person obligated on collateral to make payment or otherwise render performance to or for the benefit of the secured party;

(2) may take any proceeds to which the secured party is entitled under R.S. 10:9-315;

(3) may enforce the obligations of an account debtor or other person obligated on collateral and exercise the rights of the debtor with respect to the obligation of the account debtor or other person obligated on collateral to make payment or otherwise render performance to the debtor, and with respect to any property that secures the obligations of the account debtor or other person obligated on the collateral[.]

SEPH maintains that the language of La. R.S. 10:9-607 explicitly provides for the secured party's enforcement of the debtor's rights in respect to the account debtor's (and other third parties') obligations and for the secured party's

4

enforcement of supporting obligations with respect to those obligations.

However, Livingston Parish maintains that SEPH's attempted claims herein are analogous to the claims made in **Lili Collections, LLC v. Terrebonne Par. Consol. Gov't.**, 2014-1541 (La. App. 1 Cir. 6/18/15), 175 So.3d 434, <u>writ not considered</u>, 2015-1413 (La. 10/2/15), 178 So.3d 579. In that case, Aegis Innovative Solutions, LLC (Aegis) entered in an agreement with Terrebonne Parish Consolidated Government (TPCG) for professional services for management and performance of the Hurricane Lili Hazard Mitigation Grant Program for TPCG. Aegis allegedly went unpaid for some of its services to TPCG, and thereafter TPCG claimed that it could not pay Aegis. Thereafter, Aegis assigned its rights and causes of action under the agreement to Lili Collections, LLC (Lili). Lilli and Aegis made amicable demand upon TPCG and a request for good faith effort by TPCG to secure payment from FEMA and the State; however, a payment was never received. Lili filed a petition for breach of contract against TPCG, claiming that TPCG was liable to Lili for the debt it first owed Aegis that had been assigned to Lili. **Lili Collections, LLC**, 175 So.3d at 435.

TPCG filed a peremptory exception raising the objection of no right of action, claiming that the assignment of Aegis's rights to Lili was in violation of Article XIII of the agreement between TPCG and Aegis, that TPCG never consented to the assignment, and that Lili had no privity of contract with TPCG. Lili claimed that the agreement between TPCG and Aegis was a secured transaction, triggering Chapter 9 of the U.C.C. regarding secured transactions, thereby rendering the non-assignment clause ineffective. Lili claimed that Article XII of the agreement, stating that Aegis could not assign its rights to a third party without the consent of TPCG, was contrary to the provisions of the U.C.C. and therefore unenforceable. **Lili Collections, LLC**, 175 So.3d at 435.

The exception of no right of action was granted by the district court,

5

dismissing Lili's petition. **Lil Collections, LLC**, 175 So.3d at 435-436. On appeal, this court affirmed that judgment, finding that Lili never had privity of contract with TPCG due to an assignment of Aegis's rights to which TPCG did not consent. Without privity of contract, Lili did not possess a breach of contract right of action against TPCG. **Lili Collections, LLC**, 175 So.3d at 437.

We find that **Lili Collections, LLC** is distinguishable from this case. In that case, Lili had a contractual assignment of rights decided under the general obligations articles of the Civil Code, not any provision of the U.C.C. The court in **Lili Collections, LLC**, expressly noted "The petition seeks damages based on a breach of contract, not for nonpayment of a secured debt." **Lili Collections, LLC**, 175 So.3d at 436-437.

Livingston Parish also relies upon the language of its contract with IED, of which Section VIII, Paragraph A provides that "Assignment of this Agreement shall not be made without the advanced written consent of the Owner." As the claims of SEPH herein do not rely upon an assignment this argument has no merit.

After *de novo* review, we find that the district court erred in granting an exception of no right of action, and we reverse the granting of an exception of no right of action.

### ASSIGNMENT OF ERROR NO. 2

In this assignment of error, SEPH maintains that the district court erred in not denying Livingston Parish's exception of no cause of action on the merits. SEPH asks that this court rule on the exception of no cause of action, citing La. C.C.P. art. 2164, which provides that the appellate court shall render any judgment which is just, legal, and proper upon the record on appeal.

Livingston Parish maintains that SEPH fails to state a valid cause of action against it, because the creation of a security interest in public property violates Louisiana Constitution Article XII, Section 10.

6

Louisiana Constitution art. XII, Section 10(C), provides in part:

> Notwithstanding ... any other provisions of this constitution, the legislature by law may limit or provide for the extent of liability of the state, a state agency, or a political subdivision in all cases ... [i]t shall ... provide for the effect of a judgment, but no public property or public funds shall be subject to seizure. ... No judgment against the state, a state agency, or a political subdivision shall be exigible, payable, or paid except from funds appropriated therefor by the legislature or by the political subdivision against which the judgment is rendered.

We note that the intervention herein is not a seizure action. IED has not attempted to seize public property or public funds. SEPH is intervening in a lawsuit filed by IED against Livingston Parish to assert SEPH's claim that it is the proper party to receive any recovery (up to the amount of its judgment against IED obtained in an earlier suit, minus a credit for property seized and sold) as a result of the lawsuit by IED against Livingston Parish. Thus, the argument by Livingston Parish that SEPH has no right of action to intervene in the suit because public property is exempt from seizure has no merit.

The peremptory exception pleading the objection of no cause of action is a procedural device used to test the legal sufficiency of the petition. In making the determination, all well-pleaded facts in the petition must be accepted as true, and no reference can be made to extraneous supportive or controverting evidence. The court must then determine whether the law affords any relief to the plaintiff if the factual allegations of the petition are proven at trial. **Belle Pass Terminal, Inc. v. Jolin, Inc.**, 92-1544 (La. App. 1 Cir. 3/11/94), 634 So.2d 466, 493, writ denied, 94-0906 (La. 6/17/94), 638 So.2d 1094.

Any reasonable doubt as to the legal sufficiency of the plaintiff's petition must be resolved in favor of a finding that the petition has stated a cause of action. **Jarrell v. Carter**, 577 So.2d 120, 123 (La. App. 1 Cir.), writ denied, 582 So.2d 1311 (La. 1991). For purposes of an exception pleading the objection of no cause of action,

7

the allegations of fact must be accepted as true. **Belle Pass Terminal, Inc.**, 634 So.2d at 493.

In this case, IED filed suit against Livingston Parish, asserting that Livingston Parish failed to pay for the work it requested, breaching its contract with IED and failing to pay on an open account. SEPH filed a petition of intervention, maintaining it held a first priority security interest in the accounts receivable owed by Livingston Parish to IED. SEPH maintained that it held a final judgment against IED in a suit, **SE Property Holdings, LLC**, 2013 WL 1385398, finding that IED and other defendants were liable, in solido, to SEPH in the amount of $23,629,922.31, plus interest and costs. SEPH noted that the amount was subject to a credit of $1,527,334.00 for property that had been seized and sold.

SEPH maintained that as a result of the judgment and SEPH's perfected security interest in the accounts receivable at issue in the suit, it was the proper party to receive any recovery up to the amount of the judgment obtained as a result of the proceeding by or in favor of IED, whether by judgment, settlement, or otherwise.

Assuming that these factual allegations are true and could be established at trial, the law clearly affords a remedy. We have thoroughly reviewed the petition of intervention by SEPH and find that it sufficiently sets forth a cause of action. See **Belle Pass Terminal, Inc.**, 634 So.2d at 493. Thus, the denial of Livingston Parish's exception of no cause of action is affirmed on the merits.

## CONCLUSION

For the foregoing reasons, the district court judgment granting the peremptory exception of no right of action is reversed, the judgment denying the peremptory exception of no cause of action is affirmed on the merits, and the case is remanded to the district court for further proceedings. Costs of the appeal in the amount of $994.50 are assessed against Livingston Parish Government, through the Livingston Parish Council.

**DECREE**

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**