STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

22-146


JASON J. DUREL, M.D.

VERSUS

ACADIAN EAR, NOSE, THROAT &

FACIAL PLASTIC SURGERY, APMC



**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20211521
HONORABLE ROYALE L COLBERT, JR., DISTRICT JUDGE

**********

SHARON DARVILLE WILSON
JUDGE

**********

Court composed of Shannon J. Gremillion, D. Kent Savoie, and Sharon Darville
Wilson, Judges.



AFFIRMED.

**Steven G. Durio**
**Lauren Noel Maurer**
**Durio, McGoffin, Stagg & Guidry**
**P. O. Box 51308**
**Lafayette, LA 70505-1308**
**(337) 233-0300**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Jason J. Durel, M.D.**

**Travis J. Broussard**
**Attorney at Law**
**PO Box 82238**
**Lafayette, LA 70598**
**(337) 534-4242**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Jason J. Durel, M.D.**

**James H. Gibson**
**Charles M. Kreamer, Sr.**
**Gibson Law Partners**
**P. O. Box 52124**
**Lafayette, LA 70505**
**(337) 761-6023**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Acadian Ear, Nose, Throat & Facial Plastic Surgery, APMC**

**WILSON, Judge.**

Plaintiff, Dr. Jason J. Durel, appeals the judgment of the trial court sustaining Defendant's, Acadian Ear, Nose, Throat and Facial Plastic Surgery Center, APMC (AENT), exception of no right of action and dismissing Dr. Durel's claim for withdrawal as an oppressed shareholder for fair value of his shares in AENT.  For the reasons expressed below, we affirm the judgment of the trial court.

I.

## ISSUES

In this appeal we must decide:

(1)    whether the trial court erred as a matter of law in sustaining AENT's exception of no right of action;

(2)    whether the trial court erred as a matter of law in rendering a finding of fact, namely that Dr. Durel was not an oppressed shareholder, before any discovery could be had, on the basis of the evidence presented only in the summary preliminary injunction hearing, and without a trial in an ordinary proceeding after full discovery and before a jury; and

(3)    whether the trial court erred as a matter of law in dismissing Dr. Durel's claims for fair value of his ownership interest in AENT without discovery or trial.

II.

## FACTS AND PROCEDURAL HISTORY

Dr. Durel is a former employee and co-owner of AENT in Lafayette, Louisiana.  On March 1, 2017, Dr. Durel executed a physician employment agreement with AENT along with a shareholders' agreement through which he received seventy-five shares of AENT.  The employment agreement contained non-

compete and non-solicitation provisions prohibiting Dr. Durel from conducting business similar to AENT in Lafayette and several other parishes. These provisions were inapplicable if Dr. Durel terminated his employment for cause as defined in the agreement. The agreement was renewed for an additional year through February 29, 2021, pursuant to an automatic renewal clause contained in the agreement.

Prior to the renewal in 2020, Dr. Durel consulted an attorney to negotiate the renewal of his 2017 contract and sought to excise the non-compete and non-solicitation portions of the contract among other changes. Discussions were had between the parties. On April 22, 2020, AENT sent a letter to Dr. Durel informing him that they would not be agreeing to any changes to the contract and suggesting that he reconsider his requests and notify the practice by April 27, 2020, after which time they would consider terminating his employment.

On April 24, 2020, Counsel for Dr. Durel sent a letter to AENT alleging that AENT had defaulted on a material obligation of the employment agreement for more than thirty days and Dr. Durel was terminating his employment for cause. Specifically, Dr. Durel alleged office personnel had selectively and systematically favored Dr. Ryan Chastant by filling his schedule with patients in preference to Dr. Durel's schedule. The same day, counsel also sent a letter providing notice of Dr. Durel's intent to withdraw his interest pursuant to La.R.S. 12:1-1435. Following his termination, Dr. Durel began employment with, and gained ownership in, Acadiana Otolaryngology Head and Neck Surgery (AOHNS) also in Lafayette, Louisiana.

On May 12, 2020, AENT sent a letter to Dr. Durel stating that the April 24, 2020, termination of Dr. Durel constituted a disqualifying event under the shareholders' agreement of AENT, and AENT was required to repurchase Dr. Durel's shares at book value. On March 25, 2021, Dr. Durel filed a petition for

2

withdrawal seeking a withdrawal based on oppression from AENT. AENT responded on April 29, 2021, by filing a reconventional demand for temporary restraining order, preliminary injunction, and damages, including treble damages and attorney fees under the Louisiana Unfair Trade Practice Act. A hearing was held on the TRO the following day which was granted by the trial court. Dr. Durel then filed a motion to dismiss the TRO and deny the preliminary injunction.

The hearing on the preliminary injunction and motion to dissolve TRO was held on May 7, 10, 11, and 12, 2021. The trial court ruled that there was a valid and enforceable employment agreement with a valid and enforceable non-compete agreement, there was not any funneling except from father to son, Dr. Durel terminated his employment without cause, and Dr. Durel violated the terms of the non-solicitation agreement. However, the trial court held that AENT modified the employment agreement at least by May 8, 2020, waiving the non-compete portion when they failed to enforce the non-compete for more than ten months with full knowledge of where Dr. Durel was working. The trial court ordered that the motion to dissolve the TRO be granted and the motion for preliminary injunction was denied, with each party to pay their own costs. AENT appealed the ruling denying the preliminary injunction, and Dr. Durel cross appealed the trial court's failure to grant his request for costs, damages, and attorney's fees with this court under docket number 21-433. The case is currently pending rehearing.

AENT filed an exception of no right of action, citing the law of the case doctrine and seeking dismissal of the case on the basis that the court's ruling that there was no patient funneling or wrongdoing by AENT invalidated the claims related to shareholder oppression, and Dr. Durel therefore had no right of action for

3

fair value of his seventy-five shares. On November 22, 2021, the trial court granted the motion. Dr. Durel now appeals this ruling.

## III.

## <u>STANDARD OF REVIEW</u>

The exception of no right of action raises a question of law and therefore requires a de novo review on appeal. *Shorter v. Akins*, 11-1553 (La.App. 3 Cir. 4/4/12), 86 So.3d 883, *writ denied*, 12-1363 (La. 10/8/12), 98 So.3d 853. As to the factual determinations underlying the legal issue of whether plaintiff has a right of action, an appellate court may not set aside a trial court's findings of fact in the absence of manifest error or unless it is clearly wrong. *Rosell v. ESCO*, 549 So.2d 840 (La.1989).

## IV.

## <u>LAW AND DISCUSSION</u>

The primary inquiry in Dr. Durel's appeal is whether the trial court was correct in sustaining the exception of no right of action and dismissing Dr. Durel's withdrawal action. Our law provides that "an action can be brought only by a person having a real and actual interest which he asserts." La.Code Civ.P. art. 681. When a plaintiff lacks this real and actual interest, an objection of no right of action may be raised by peremptory exception. La.Code. Civ.P. art. 927. The exception of no right of action is a threshold device which questions whether the litigant has any interest in judicially enforcing the right asserted. *Trahan v. McManus*, 94-167 (La.App. 3 Cir. 3/22/95), 653 So.2d 89, *writ denied*, 95-1018 (La. 6/2/95), 654 So.2d 1112. "In other words, can the legal remedy afforded by law be invoked by this particular plaintiff?" *Id*. at 91. In determining whether plaintiff has a legal interest, the court is not limited to the petition, and evidence is admissible to show whether

4

the plaintiff has the right he claims. *Rhyne v. OMNI Energy Servs. Corp.*, 14-711 (La.App. 3 Cir. 12/10/14), 155 So.3d 155, *writ not considered*, 15-0076 (La. 3/27/15), 161 So.3d 649. To prevail on the exception, AENT was required to show that Dr. Durel did not have an interest in the subject matter of the lawsuit and had no legal right to the requested relief.

In his petition for withdrawal, Dr. Durel seeks a determination of oppression, as defined in La.R.S. 12:1-1435, a judgment from the court granting his withdrawal from AENT, a valuing of his interest in AENT, and ordering the payment of same. Louisiana Revised Statute 12:1-1435, entitled "Oppressed shareholder's right to withdraw" provides that "[i]f a corporation engages in oppression of a shareholder, the shareholder may withdraw from the corporation and require the corporation to buy all of the shareholder's shares at their fair value." The statute defines oppression as when the "corporation's distribution, compensation, governance, and other practices, considered as a whole over an appropriate period of time, are plainly incompatible with a genuine effort on the part of the corporation to deal fairly and in good faith with the shareholder." La.R.S. 12:1-1435(B).

In his petition, Dr. Durel asserted that AENT allowed AENT employees to selectively, systematically, and disproportionately favor Dr. Ryan Chastant, a non-shareholder, over Dr. Durel by filling Dr. Ryan Chastant's schedule with patients in preference to Dr. Durel's schedule. This, he alleges, amounted to oppression by AENT. Dr. Durel also alleged that AENT's conduct during contract negotiations and their refusal to excise the non-competition provision resulted in oppression. These claims are also the very same behaviors which Dr. Durel argued gave him cause to terminate his employment contract when defending against the preliminary injunction.

5

At the hearing on the preliminary injunction, which spanned several days, a great deal of time was spent addressing Dr. Durel's claim of patient funneling as it related to his cause defense against the injunction. Dr. Durel was given the opportunity to present evidence and put forth witness testimony to establish the existence of the purported patient funneling. Although the purpose of the hearing was to determine whether the preliminary injunction would be granted, that decision was intricately entwined with whether there was a finding of shareholder oppression. The trial court recognized that if you distilled everything down to one issue, it all came down to whether Dr. Durel was an oppressed shareholder and therefore had a right to violate the employment contract. After a full hearing, in which the issue of alleged patient funneling took center stage, the trial court determined that there was no patient funneling, except from father to son, which only the older Dr. Chastant suffered. The trial court further found that Dr. Durel terminated his employment without cause and thus there was no impropriety found on the part of AENT.

Dr. Durel points to La. R.S. 12:1-1435(G) which states "the shareholder may file an ordinary proceeding against the corporation in district court to enforce the shareholder's right to withdraw." He then argues that this creates a statutory right to an ordinary proceeding. While Dr. Durel is correct that the statute permits a plaintiff to file an ordinary proceeding to determine whether there was oppression, it does not grant a right to an ordinary proceeding for the purpose of relitigating an issue that has already been judicially determined.

In the instant case, a proceeding to determine oppression is unnecessary. The trial court has already determined that there was no wrongdoing on the part of AENT, and therefore no oppression. The law of the case doctrine refers to "(a) the binding force of trial court rulings during later stages of the trial,

(b) the conclusive effects of appellate rulings at the trial on remand, and (c) the rule that an appellate court will ordinarily not reconsider its own rulings of law on a subsequent appeal in the same case." *Petition of Sewerage & Water Bd. of New Orleans*, 278 So.2d 81 (La.1973). The policy reasons behind this doctrine are "the avoidance of indefinite relitigation of the same issue; the desirability of consistency of the result in the same litigation; and the efficiency, and the essential fairness to both sides, of affording a single opportunity for the argument and decision of the matter at issue." *Id.*

The actions which Dr. Durel asserts amount to oppression are the very actions he asserted in his defense against the preliminary injunction. The evidence presented at the hearing for preliminary injunction is the same that would be presented to raise the claim of oppression. The trial court considered that evidence and found that there was no patient funneling or impropriety on the part of AENT. With regards to the finding of no patient funneling, the ruling of the trial court was never appealed and is now law of the case. The only shareholders who have a right to withdraw under the statute are those who have been oppressed. Since the trial court has already found that Dr. Durel was not oppressed, he cannot demand withdrawal based on oppression.

Applying the law of the case doctrine, Dr. Durel does not fall within the category of shareholders protected under La.R.S. 12:1-1435 and thus has no right to withdraw under the provisions of this statute. When ruling on the exception of no right of action, the trial court stated,

> The Court being familiar with this matter from the previous hearing to dissolve the TRO and enforce the non-compete agreement abides by its previous ruling wherein it was decided after a five day hearing that there was no

7

patient funneling except from father to son (Chastant to Chastant) and thus no oppression of Dr. Jason Durel.

The court further recognizes that the previous hearing on the TRO went beyond the scope of a simple TRO as the parties expounded on their arguments to include the consequences of the withdrawal and the share compensation Dr. Durel would be entitled too [sic].

The court further notes that the parties are the same, the cause litigated is essentially the same, the thing demanded is essentially the same.

The court then granted the exception of no right of action in favor of AENT. Given the trial court's previous ruling, we find that the trial court was correct in determining that Dr. Durel did not have a right of action, and properly dismissed his withdrawal action. As such, we find Dr. Durel's remaining assignments of error lack merit.

V.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court granting the exception of no right of action and denying Dr. Durel the fair market value of his shares in AENT is affirmed. Costs of this appeal are assessed to plaintiff/appellant, Dr. Jason J. Durel.

**AFFIRMED.**