# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-1088


**CATHY LYNN PORTER BENNETT**

**VERSUS**

**T. BARRETT PORTER, ET AL.**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 77,725
HONORABLE JOHN C. FORD, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


**MARC T. AMY**
**JUDGE**


\*\*\*\*\*\*\*\*\*\*


Court composed of Marc T. Amy, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.


**AFFIRMED.**


**David R. Lestage**
**Hall, Lestage & Landreneau**
**Post Office Box 880**
**DeRidder, LA   70634**
**(337) 463-8692**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**T. Barrett Porter**
**Judith Elizabeth Porter Weisgerber**
**Melinda Mae Porter Todd**
**David Barrett Porter**

**Donald W. Martin**
**2207 Parkdale Drive**
**Kingswood, TX   77330**
**(281) 358-7065**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Leon H. Gabro**
**Juanita Alta Porter Gabro**

**Jack L. Simms, Jr.**
**Post Office Box 1554**
**Leesville, LA   71446**
**(337) 238-9393**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Cathy Lynn Porter Bennett**

**Terry W. Lambright**
**118 S. Third Street, Suite A**
**Leesville, LA   71446**
**(337) 239-6557**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **David Porter**
    **Monya Porter**

AMY, Judge.

The plaintiff filed suit seeking partition of property she asserts she inherited from her mother. Defendants filed an exception of no right of action, alleging that the property was the separate property of one of the defendants and that the plaintiff therefore had no interest in it. After a hearing on the exception, the trial court entered judgment in favor of the defendant and awarded attorney fees. The plaintiff appeals. For the following reasons, we affirm.

### Factual and Procedural Background

This suit arises out of an intra-family dispute over the ownership of immovable property in Leesville, Louisiana. The record indicates that the plaintiff, Cathy Lynn Porter Bennett, is the daughter of T. Barrett Porter, defendant, and Dorothy Wampler Porter, deceased, and is the sister of defendants Judy Elizabeth Weisgerber, David Barrett Porter and Melinda Mae Todd. Defendants and cross-plaintiffs, Juanita Porter Gabro and Leon H. Gabro, are the plaintiff's aunt and uncle.

The plaintiff filed suit against her father, siblings, and aunt and uncle seeking partition of property she allegedly co-owned as a result of the death and succession of her mother. One of the various parcels of land for which the plaintiff sought partition is immovable property located in Leesville, Louisiana (the "town property"). T. Barrett filed an exception of no right of action, alleging that the plaintiff could not have inherited an interest in the town property from her mother because it was separate property belonging to himself and his sister, Juanita. Thus, he argued, the plaintiff has no interest in the town property and she had no right of action to pursue its partition.

A hearing on the sole issue of the ownership of the town property was held and evidence adduced at which T. Barrett alleged that his parents, John Alton Porter and

Elsie Iles Porter, had conveyed the property jointly to him and his sister, Juanita, via a document entitled "Sale of Immovable Property with Reservation of Vendor's Lien," and dated February 9, 1980. T. Barrett also alleged that this conveyance was a relative simulation. He asserted that the conveyance was a donation, not a sale, and that his parents intended to donate the property to Juanita and him.

After the hearing, the trial court issued written reasons and granted the exception of no right of action. In its written reasons, the trial court found that the conveyance was a simulation and not a sale and that therefore the plaintiff had no interest in the property. The plaintiff filed a motion for new trial on the basis of newly discovered evidence. After a hearing, the trial court denied the motion for new trial. The plaintiff appeals, asserting the following assignments of error:

1. The Trial Court erred in granting the Exception of No Right of Action, which in effect, allowed T. Barrett to attach the deed, to which he had been a party, and which was declared, by T. Barrett Porter, to be community property in the Succession of Dorothy Wampler Porter, No. 6712 on the docket of the 30th Judicial District court, and in that same proceeding, declared to be such by the Court, in the Judgment of Possession rendered therein.

2. The Trial Court erred in allowing parol evidence to be introduced by Exceptors to vary the non-ambiguous terms and language of the Credit Sale Deed, where the subject property was conveyed to T. Barrett Porter, et al.

3. The Trial Court erred in allowing T. Barrett Porter, who was a party to the original Credit Sale Deed, and who was a beneficiary thereunder, to attach that same deed, almost 30 years after its execution.

4. The Trial Court erred in considering the "Co-Ownership Agreement" in arriving at its decisions that the Credit Sale was a disguised donation.

5. The Trial Court erred in refusing to grant a new trial, on motion of Cathy Porter Bennett, even when Mover provided documentary evidence of payments being received by the vendors in the subject credit sale deed.

2

6. The Trial Court erred in ruling that the true intent of the vendors in the Credit Sale Deed was to donate the property to their children, T. Barrett Porter and Juanita Porter Gabro.

7. The Trial Court erred in sustaining, or granting, defendant's Exception of No Right of Action, in that the ruling was contrary to the law and evidence and was clearly wrong.

8. The Trial Court erred in finding that even though rent was paid to Vendors, the instrument was a disguised donation.

**Discussion**

*Evidence*

The plaintiff's first assignments of error address the evidence submitted in support of the exception. We discuss these preliminary matters before turning to consider the exception.

Parol Evidence

In her first assignment of error,[1] the plaintiff asserts that the trial court erred in admitting parol evidence in order to prove that the 1980 conveyance document was a simulation. At the hearing, T. Barrett and Juanita testified about their impressions regarding the nature of the disputed conveyance. They also testified as to whether they regarded the conveyance as separate property or community property.

Louisiana Civil Code Article 1848 addresses the admissibility of parol evidence with regard to writings and states that:

> Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature. Nevertheless, in the interest of justice, that evidence may be admitted to prove such circumstances as a vice of consent, or a simulation, or to

---

[1] The plaintiff asserts in her second assignment that the trial court erred in allowing T. Barrett Porter to "attach" the 1980 conveyance "almost thirty years" after its execution. Although the plaintiff refers to her second assignment of error in one of the headings in her brief, the plaintiff has failed to brief the issue of the document's age and this assignment is therefore deemed abandoned. Uniform Rules of Court—Courts of Appeal, Rule 2–12.4.

> prove that the written act was modified by a subsequent and valid oral agreement.

(Emphasis added.) The clear language of the statute allows the admission of parol evidence, in the interest of justice, in order to prove a simulation. *See also* Revision Comment (c), which provides that testimonial or other evidence may be admitted to prove either an absolute or relative simulation. The plaintiff cites numerous cases in her brief which support the inadmissibility of parol evidence to prove a simulation. However, that jurisprudence precedes the enactment of Article 1848 in 1984.[2] Since that time, Article 1848 has expressly provided for the admission of such evidence in this situation. *See, e.g., Sonnier v. Conner*, 43,911 (La.App. 2 Cir. 12/3/08), 998 So.2d 344, *writ denied*, 09-309 (La. 4/3/09), 6 So.3d 773. Thus, the trial court did not abuse its discretion in admitting evidence on the issue of whether the disputed conveyance was a simulation.

This assignment of error is without merit.

Relevancy of Evidence

The plaintiff alleges that the trial court erroneously admitted an irrelevant document entitled "Co-Ownership Agreement" into evidence.

Louisiana Code of Evidence Article 402 provides that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, the Constitution of Louisiana, this Code of Evidence, or other legislation. Evidence which is not relevant is not admissible." Relevant evidence is evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." La.Code Evid. art. 401. Whether evidence is deemed relevant is within the discretion

---

[2] Louisiana Civil Code Article 1848 became effective January 1, 1985.

of the trial court, and a relevancy determination will not be disturbed on appeal absent a clear abuse of discretion. *Mapp Constr., LLC v. Southgate Penthouses, LLC*, 09-850 (La.App. 1 Cir. 10/23/09), 29 So.3d 548, *writ denied*, 09-2743 (La. 2/26/10), 28 So.3d 275. "The party alleging prejudice by the evidentiary ruling of the trial court bears the burden of so proving." *Id.* at 561.

The trial court noted in its reasons for judgment[3] that the co-ownership agreement was executed on the same date as the conveyance and that it was filed, concurrently with the sale document, with the Clerk of Court. Given the close relationship between the two documents, we find that the trial court did not abuse its discretion in considering the co-ownership agreement when determining the intent of the parties with regard to the disputed transaction.

This assignment of error is without merit.

Judicial Confession

The plaintiff argues that the trial court erred in refusing to consider the listing of the town property in the Succession of Dorothy Wampler Porter as a judicial confession.[4] The plaintiff submitted the entire file of the succession into evidence.

---

[3] In its reasons for judgment, the trial court stated:

> The language in the deed as well as the co-ownership agreement clearly shows that both parties contemplated this as being separate property. Both documents, executed the same day and filed together with the Clerk of Court, refer to the property as separate. . . . The deed and the co-ownership agreement reinforce the separate nature of the property as intended by the donor and contemplated by the donees. This overcomes the presumption of community and establishes the separateness of the property under Civil Code article 2341.
>
> The fact that neither spouse signed the deed or the co-ownership agreement has no bearing on the finding of the property as separate.

[4] The plaintiff also asserts that T. Barrett will be unable to reopen the Succession of Dorothy Wampler Porter to remove the town property from the judgment therein. While La.Code Civ.P. art. 3393 allows a succession to be reopened and the judgment therein amended "if other property of the succession is discovered or for any other proper cause," this appeal is not the proper vehicle for a determination of whether that succession can be reopened.

The judgment of possession therein lists the town property as community property belonging to Mrs. Porter. At trial, T. Barrett testified that he included the town property in the succession so that there would not be "any trouble" within the family. T. Barrett reiterated that he considered the town property to be the separate property of himself and Juanita.

Louisiana Civil Code Article 1853 addresses judicial confessions, stating:

> A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it.

> A judicial confession is indivisible and it may be revoked only on the ground of error of fact.

A judicial confession is binding on the court and must be applied in the case in which it is made. *Picard v. Vermilion Parish Sch. Bd.*, 00-1222 (La.App. 3 Cir. 4/4/01), 783 So.2d 590, *writ denied*, 01-1346 (La. 6/22/01), 794 So.2d 794. However, "an earlier judicial admission does not bind a party in a subsequent proceeding unless 'the other party claiming the benefit of judicial estoppel resulting therefrom has been deceived by such judicial confession and has relied or acted thereon to his prejudice.'" *Id.* at 598, quoting *Succession of Turner*, 103 So.2d 91, 93 (La.1958). Using the information from another proceeding to pursue a cause of action is not detrimental reliance. *Id.* Further, a judicial admission in another proceeding is considered an extrajudicial admission and is admissible into evidence but does not create a conclusive presumption or operate as estoppel against the party making them, absent a showing of deception or prejudice. *Marchand v. Asbestos Defendants*, 10-476 (La.App. 4 Cir. 11/10/10), __ So.3d __.

In this case, the inclusion of the town property as community property was done in a prior proceeding—the Succession of Dorothy Wampler Porter—not the case

6

then pending before the trial court. While the trial court was permitted to view the inclusion of the town property in the Succession of Dorothy Wampler Porter as an extrajudicial admission of the alleged community nature of the property, it was also entitled to reject the plaintiff's argument that the inclusion constituted a judicial confession. Instead, the trial court could have credited T. Barrett's explanation that he included the town property in the succession in order to avert any trouble with the family. We find that the trial court did not err in considering the inclusion of the town property as an extrajudicial admission and not a binding judicial admission.

This assignment of error is without merit.

*Exception of No Right of Action*

As explained above, the exception of no right of action in this case turns on the question of whether John Alton Porter and Elsie Iles Porter conveyed the town property to their children by a sale or by a simulation. This determination results in the property being designated as either T. Barrett's separate property or as the community property of him and his wife. Only in the event of its designation as community property would the plaintiff be able to assert a right of action to partition the property allegedly inherited from her mother, T. Barrett's deceased wife.

In her appeal of the granting of the exception of no right of action, the plaintiff's assignments essentially argue that the trial court's findings were contrary to the law and evidence.

The peremptory exception of no right of action tests whether the plaintiff has any interest in judicially enforcing the right asserted. La.Code Civ.P. art. 927(A)(6); *La. State Bar Ass'n v. Carr & Assoc., LLC*, 08-2114 (La.App. 1 Cir. 5/8/09), 15 So.3d 158, *writ denied*, 09-1627 (La. 10/30/09), 21 So.3d 292. To prevail on an exception

7

of no right of action, the defendant must show that the plaintiff does not have an interest in the subject matter of the lawsuit or the legal capacity to proceed. *Ridgedell v. Succession of Kuyrkendall*, 98-1224 (La.App. 1 Cir. 5/19/99), 740 So.2d 173.

Because it involves a question of law, the standard of review of the trial court's granting of the exception of no right of action is *de novo* review. *Hebert v. Shelton*, 08-1275 (La.App. 3 Cir. 6/3/09), 11 So.3d 1197. "Evidence supporting or controverting an objection of no right of action is admissible[.]" *La. State Bar Ass'n*, 15 So.3d at 165. Since evidence was admitted, we will review the entire record to determine whether the plaintiff has a right of action. *Id.*

We note, however, that the plaintiff's assignments of error address the factual determinations underlying the legal issue of whether she has a right of action. An appellate court may not set aside a trial court's findings of fact in the absence of manifest error or unless it is clearly wrong. *Rosell v. ESCO*, 549 So.2d 840 (La.1989).

In granting the exception of no right of action, the trial court explained:

> John Alton Porter and Elise [sic] Porter executed a document titled "Sale of Immovable Property with Reservation of Vendor's Lien (hereinafter referred to as the deed) on February 9, 1980, conveying the property referred to as the "Town Property" to T. Barrett Porter and Juanita Porter Gabro, their son and daughter. The price stated in the deed was $96,000 represented by 32 promissory notes, 16 to be paid by T. Barrett Porter and 16 to be paid by Juanita Porter Gabro. This document was filed with the Vernon Parish Clerk of court on February 12, 1980. Filed that same day was a document entitled "Co-Ownership Agreement," outlining the administration of co-ownership of the Town Property between T. Barrett Porter and Juanita Porter Gabro. Both documents are signed by T. Barrett and Juanita, but neither document is signed by their spouses, Dorothy Wampler Porter and Leon Gabro.
>
> . . . .
>
> The record reflects that some of the promissory notes referenced in the deed were marked paid and tendered to Juanita; she testified that

8

nothing of value was given to satisfy these notes. T. Barrett testified he never paid any of these notes. The testimony was that the only possible consideration for the sale would be the continued receipt of rent tenants paid to the Porters for using the property.

. . . .

[T]he Court concludes that it is more probable than not that the transaction titled "Sale of Immovable Property With Reservation of Vendor's Lien" was a donation from parents to children, in the form of a donation disguised as a sale. Primary in this conclusion is there was no valuable consideration paid by the children to the parents in exchange for the property. Both Juanita and T. Barrett testified that they have no memory of giving any money or thing of value to their parents in exchange for the Town Property. The record shows no evidence that the parents received any money or thing of value from the children in exchange for the property, though it does show several promissory notes were forgiven. . . . Since there was no consideration paid and the parents forgave several of the promissory notes in exchange for no payment on said notes, the Court finds the transfer to be a donation in disguise[.]

Simulation

A simulation, as was determined here by the trial court, is a feigned or pretended sale of immovable property clothed in the formalities of a valid sale. La.Civ.Code art. 2025; *Sonnier*, 998 So.2d 344. A simulation may be either absolute or relative. An absolute simulation is one where the parties intend that the contract shall produce no effects between them; an absolute simulation produces no effects between the parties. La.Civ.Code art. 2026. According to La.Civ.Code art. 2027, "[a] simulation is relative when the parties intend that their contract shall produce effects between them though different from those recited in their contract. A relative simulation produces between the parties the effects they intended if all requirements for those effects have been met."

The party alleging that the purported sale was a simulation bears the burden of proving with reasonable certainty that the sale was simulated. *Thompson v. Woods*,

525 So.2d 174 (La.App. 3 Cir. 1988). If any consideration is given for the conveyance, the sale is not a simulation. *Id.*

The plaintiff first questions the factual determination that John Alton Porter and Elsie Iles Porter intended to donate the town property to T. Barrett and Juanita. The plaintiff bases this argument, in part, upon the allegation that "rent was paid"to John Alton Porter and Elsie Iles Porter and that the trial court erred in finding otherwise.

The copy of the conveyance document entered into evidence, as reflected by the trial court's findings, conveyed the town property to T. Barrett and Juanita and recites a price of $96,000 payable in 32 promissory notes. However, T. Barrett testified that he felt that his parents had "given" the property to him and his sister.

Both T. Barrett and Juanita testified that they paid nothing of value for the town property. Juanita testified that she never paid the promissory notes, but that she received several of the notes marked "paid" from her parents. Leon Gabro, Juanita's husband, testified that he never gave Juanita's parents anything for the town property.

Both Juanita and T. Barrett testified that T. Barrett gave his parents all or a portion of the rental income from the town property. Juanita did not characterize the rental income as a payment and T. Barrett testified that he considered the rental income a gift to his parents and not payment. Further, T. Barrett kept a portion of the rental income for himself.

In sum, the crucial factors in a determination of whether a transaction is a sale or a simulated donation are the intent of the parties and whether consideration was given. *See* La.Civ.Code art. 2027; *Thompson*, 525 So.2d 174. The testimony, as well as related physical evidence, reveals support for the trial court's determinations that

10

John Alton Porter and Elsie Iles Porter intended to donate the town property to T. Barrett and Juanita.

Certainly, the payment of rents can constitute the consideration for a sale. *See Phillips v. Nereaux*, 361 So.2d 228 (La.App. 1 Cir. 1978). However, in this case, the testimony indicates that the vendors/donors did not continue to collect the rents themselves. Further, T. Barrett's testimony supported the view that delivery of the rental income resulted from personal and filial obligations. The trial court could have accepted this testimony. A portion of the trial court's finding in this regard stemmed from credibility determinations which are owed great deference on appeal. *See Hebert v. Rapides Parish Police Jury*, 06-2001, 06-2164 (La. 1/16/08), 974 So.2d 635 (on rehearing). Accordingly, its determination was not manifestly erroneous.

The plaintiff's arguments in this regard are without merit.

<u>Community or Separate Property</u>

After the trial court determined that the 1980 conveyance was a simulation and not a sale, the trial court had to determine whether the plaintiff had an interest in the town property that would allow her to pursue the partition action. The plaintiff's petition indicated only that her interest stemmed from the inheritance of the property from her mother. The defendants argue that, if T. Barrett's interest in the town property was community property, upon the death of Mrs. Porter, her community share of the property would have passed to her heirs, including the plaintiff. However, they argue, if the interest was T. Barrett's separate property, Mrs. Porter would have no interest in the town property, and therefore the plaintiff could not inherit any interest in it. Thus, in order to grant the exception of no right of action, the trial court would have had to find that donation was separate and not community.

The classification of property is fixed as separate or community at the time of its acquisition. *Peters v. Haley*, 99-866 (La.App. 1 Cir. 5/12/00), 762 So.2d 695, *writ denied*, 00-1513 (La. 6/30/00), 766 So.2d 547. The trial court's determination of whether property is community or separate is a factual finding and will not be disturbed on appeal absent manifest error. *Id.*

Property possessed during a marriage is presumed to be community; however, either spouse may rebut the presumption. *Corkern v. Corkern*, 05-2297 (La.App. 1 Cir. 11/3/06), 950 So.2d 780, *writ denied*, 06-2844 (La. 2/2/07), 948 So.2d 1083. Louisiana Civil Code Article 2341 addresses separate property. It includes "property acquired by a spouse by inheritance or donation to him individually[.]" *Id.* The identity of the donee or donees is controlled by the donor. *Purcell v. Purcell*, 29,663 (La.App. 2 Cir. 6/23/97), 697 So.2d 728. "When the donor is deceased, the intention of the donor is to be inferred from the relation of the parties and from all the facts and circumstances of the case." *Id.* at 734. The trial court may look, in the absence of evidence of intent, to the nature of the property, including the manner in which the gift was used, in deciding whether the property is separate or community. *Id.*

In this case, the testimony indicated that T. Barrett considered the property to be the separate property of himself and Juanita. He testified that the property was given to him and his sister. However, at his deposition, which was entered into evidence, T. Barrett testified that the property was intended to be a donation to himself and his wife and to Juanita and her husband. Juanita testified that she understood the property to be community property; she stated that, when she signed the conveyance documents, the attorney told her that half of her interest would belong to her husband.

A copy of the 1980 conveyance document was entered into evidence. The conveyance lists, as vendees/grantees, "T. BARRETT PORTER, husband of Dorothy Porter" and "JUANITA ALTA GABRO, born Porter, wife of Leon H. Gabro." The conveyance goes on to state that the vendees/donees "accepting and purchasing as their separate property within their separate credit and acknowledging possession thereof[.]" The trial court, in its reasons for judgment, also noted that the conveyance states, "[s]ellers do not look to the community of acquets and gains, if any, existing between the Purchasers and their spouses, for the satisfaction of the indebtedness incurred herein, but rather to the separate properties of the Purchasers."

Testimony reflected that only T. Barrett and Juanita signed the conveyance document, the co-ownership agreement, and the subsequent buy-sell agreement.

The trial court held that, based on the language of the deed and the accompanying co-ownership agreement, John Alton Porter and Elsie Iles Porter intended the donation to be the separate property of T. Barrett and Juanita. In its reasons for judgment, the trial court stated, "[t]he language in the deed as well as the co-ownership agreement clearly shows that both parties contemplated this as being separate property. Both documents, executed the same day and filed together with the Clerk of Court, refer to the property as separate." The trial court re-iterated this reasoning in its denial of the motion for new trial, stating "[w]hen you consider the deed with the language in the deed, with the language with the affidavit of management of the property, you take those documents together, it's clearly intended to be, clearly, separate property in my opinion."

As explained above, the identity of the donee or donees is controlled by the donor. *Purcell*, 697 So.2d 728. A review of the conveyance document reflects that

the donees were T. Barrett and Juanita. Although the testimony of T. Barrett at his deposition and Juanita at trial could support a contrary finding, the trial court may choose to reject all of a witness's testimony or to accept part or parts of his or her testimony and reject any other part or parts thereof. *See Ladner v. Gov't Employees Ins. Co.*, 08-323 (La.App. 4 Cir. 10/8/08), 992 So.2d 1088. Giving proper deference to the factual findings of the trial court, and after reviewing the record, including the testimony of witnesses and the exhibits submitted into evidence, we find that the trial court was not manifestly erroneous in determining that the town property was separate property and not community property.

The plaintiff's argument in this regard is without merit.

*New Trial*

Finally, the plaintiff asserts that the trial court erred in denying her motion for a new trial based on the discovery of new evidence. After the trial court sustained the exception of no right of action, the plaintiff filed a motion for new trial, alleging that she had located copies of John Alton Porter and Elsie Iles Porter's tax returns. She alleged that those tax returns listed payments on the promissory notes as income and that the trial court should reopen the issue of whether consideration was given for the purported sale. In denying the motion, the trial court stated:

> Here, the newly discovered evidence is income tax returns filed by the vendors/grantors prior to their death claiming income from the payment of notes representing the purchase price of the property. Although this perhaps could have been discovered prior to trial, the fact is they are deceased and the Court considers the direct testimony of T. Barrett Porter and Juanita Gabro and concludes that it is more probable than not that the newly discovered evidence would not make a difference in the result of trial.

Louisiana Code of Civil Procedure Article 1971 governs the motion for new trial, stating:

14

A new trial may be granted, upon contradictory motion of any party or by the court on its own motion, to all or any of the parties and on all or part of the issues, or for reargument only. If a new trial is granted as to less than all parties or issues, the judgment may be held in abeyance as to all parties and issues.

The peremptory grounds for granting a new trial include the discovery of "evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial." La.Code Civ.P. art. 1972(2). At its discretion, the trial court may grant a new trial if good grounds exist, except as otherwise provided by law. La.Code Civ.P. art. 1973. The standard of review for a ruling on a motion for new trial is whether the trial court abused its discretion. *Campbell v. Tork, Inc.*, 03-1341 (La. 2/20/04), 870 So.2d 968.

In order to grant a motion for new trial on the basis of newly-discovered evidence, the movant must prove that the evidence was discovered after the trial; that the new evidence is not cumulative; that the new evidence would tend to change the result of the case; and that the new evidence could not have been discovered, with due diligence before the trial was completed. *Florreich v. Entergy Corp.*, 09-414 (La.App. 5 Cir. 2/23/10), 32 So.3d 965, *writ denied*, 10-1057 (La. 9/3/10), 44 So.3d 691.

In this case, the "newly discovered evidence" submitted along with the plaintiff's motion for new trial consists of portions of tax returns filed by John Alton Porter and Elsie Iles Porter for the tax year 1983 and for tax years 1985 through 1991. The copies filed into evidence reveal interest income listed as, for example, "Installment Sale – T B Porter & Juanita." In its written reasons for judgment, the trial court's basis for the denial of the motion for new trial is that the newly-discovered evidence would not change the outcome of the case.

15

The witness testimony in this case was consistent. T. Barrett, Juanita, and Leon Gabro all testified that they paid nothing to the vendors/grantors for the town property. This is noteworthy because, as reflected by the arguments of counsel, Juanita and Leon Gabro, defendants and cross-plaintiffs, opposed T. Barrett and the other defendant's efforts to have the town property declared a simulation and separate property. The trial court was the finder of fact in this case and was entitled to weigh the credibility of witnesses and the evidence. We do not find that the trial court abused its discretion in denying the motion for new trial.

This assignment of error is without merit.

## DECREE

For the foregoing reasons, the trial court's granting of the exception of no right of action and its denial of the motion for new trial are affirmed. All costs of these proceedings are assessed to the plaintiff, Cathy Lynn Porter Barrett.

**AFFIRMED.**