# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 20-512

WILLIAM P. DERING

VERSUS

KAY W. DERING

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2020-114
HONORABLE ROBERT WYATT, DISTRICT JUDGE

**********

**JOHN D. SAUNDERS**
**JUDGE**

**********

Court composed of John D. Saunders, D. Kent Savoie, and Jonathan W. Perry, Judges.

**AFFIRMED.**

**Savoie, D., dissents and assigns reasons.**

 Timothy O'Dowd
Jared W. Shumaker
O'Dowd Law Firm, LLC
924 Hodges Street
Lake Charles, LA 70601
(337) 310-2304
COUNSEL FOR DEFENDANT/APPELLEE:
    Kay W. Dering

**Thomas J. Gayle**
**Gayle Law Firm, LLC**
**713 Kirby Street**
**Lake Charles, LA 70602**
**(337) 494-1220**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**William P. Dering**

**SAUNDERS, Judge.**

William P. Dering brought this action against his former wife, Kay W. Dering, for partition of a former community property house located in Lake Charles, Louisiana. The trial court granted a peremptory exception of no right of action in favor of Kay Dering, dismissing William Dering's petition with prejudice. William now appeals.

## FACTS:

Kay and William Dering were divorced by a judgment signed August 6, 1981. The house at issue was part of the former community property regime and was the former family home of the parties. The parties agreed to a community property partition on June 16, 1981, including a proviso concerning the house which stated:

> The parties further agree that the aforementioned immovable property may remain in the care of KAY DERING, born Watson, as residence for the two minor children born of the marriage, for whom KAY DERING, born Watson, has the temporary and finally the permanent care, custody and control, namely JAMES TROY DERING and JEREMY PAUL DERING. This agreement remains valid for as long as KAY DERING, born Watson, chooses to reside there, with the stipulation that KAY DERING, born Watson, maintains the present condition of said property and continues payment of the monthly notes due on said property, which note totals $137.00 per month; and for as long as KAY DERING, born Watson, does not remarry or set up household with another male while the minor children remain in her custody.

> Upon the sale of said property, KAY DERING, born Watson, will be credited for the principal amount which she has applied to the mortgage described herein, and the remaining balance, if any, will be equally divided between the parties herein.

William filed a Petition to Partition Co-Owned Immovable Property on January 9, 2020. Kay opposed William's petition and filed Exceptions of Prematurity, No Cause of Action, and No Right of Action. Kay argued that the community property agreement gave her a lifetime usufruct over the house and only granted William the naked ownership of the home, leaving him with no right to

demand partition under La.Civ.Code art. 543 because he did not have elements of ownership in common with her.

After a hearing was held on the Exceptions of Prematurity, No Cause of Action, and No Right of Action, the trial court granted the Exception of No Right of Action. The trial court dismissed all of William's claims, and William now appeals.

## DISCUSSION:

William argues that the trial court committed an error of law when it granted the exception of no right of action filed by Kay W. Dering, determining that she has a usufruct that prevents him from seeking a partition of the former community family home. Because it involves a question of law, the standard of review for the trial court granting of the exception of no right of action is *de novo* review. *Bennett v. Porter*, 10-1088 (La.App. 3 Cir. 3/9/11), 58 So.3d 663. As the exceptor, Kay had the burden of showing that William did not have an "interest in judicially enforcing the right asserted" in her suit against it. *See Bennett*, 58 So.3d at 670.

We find that the 1981 community property partition created a usufruct in favor of Kay which prevents William from partitioning the former community family home. As this court has previously stated:

> Interpretation of a contract is the determination of the common intent of the parties." La.Civ.Code art. 2045. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent, and courts must enforce the contract as written. In such circumstances, the question of contractual interpretation is answered purely as a matter of law, as is the determination of whether a contract is ambiguous or not. *Sims v. Mulhearn Funeral Home, Inc.*, 07-54 (La. 5/22/07), 956 So.2d 583. "However, if a court determines as a matter of law that a contract is ambiguous, then extrinsic (parol) evidence may be used to determine the true intent of the parties, and determining the intent of the parties becomes, in part, a question of fact." *LFI Fort Pierce, Inc. v. Acme Steel Bldgs., Inc.*, 16-71, p. 7 (La.App. 3 Cir. 8/17/16), 200 So.3d 939, 946, *writ denied*, 16-1684 (La. 11/29/16), 210 So.3d 804. Ambiguity as to intent arises when the contract lacks a provision bearing on that issue, its terms are susceptible to more than one interpretation, there is uncertainty or ambiguity as to its provisions, or the intent of the parties

2

cannot be ascertained from the language employed. *Campbell v. Melton*, 01-2578 (La. 5/14/02), 817 So.2d 69.

*Succession of Shaw v. Alexandria Inv. Grp., LLC*, 17-582, pp. 4-5 (La.App. 3 Cir. 7/26/17), 248 So.3d 332, 335-36.

The community property partition states that the "property may remain in the care of KAY DERING, born Watson, as residence for the two minor children" and in the next sentence it states that "this agreement remains valid for as long as KAY DERING, born Watson, chooses to reside there," subject to three stipulations. The stipulations are that Kay maintain the present condition of the property, pay the monthly note, and that she not "remarry or set up household with another male while the minor children remain in her custody."

"Usufruct may by established by a juridical act either inter vivos or mortis causa, or by operation of law. The usufruct created by juridical act is called conventional; the usufruct created by operation of law is called legal." La.Civ.Code art. 544.

> Usufruct may be established for a term or under a condition, and subject to any modification consistent with the nature of usufruct.
>
> The rights and obligations of the usufructuary and of the naked owner may be modified by agreement unless modification is prohibited by law or by the grantor in the act establishing the usufruct.

La.Civ.Code art. 545.

William argues that the partition agreement creates a right of habitation which ended when the children of the marriage reached the age of majority. We disagree, and instead find that the language used created a usufruct in favor of Kay.

The property was left in the care of Kay, and the agreement was to remain "valid for as long as KAY DERING, born Watson, chooses to reside there." Taken together, these contractual provisions clearly show that the intention was for Kay to have the use of the property both before and after the children reached the age of

3

majority. Similar language has been found in the past as creating a usufruct, such as when ownership of property was granted to one party "subject to use as a domicile" by others "as long as they choose to reside there." *Succession of Foster*, 19-209, p. 3 (La.App. 4 Cir. 7/31/19), ___ So.3d ___, ___, *writ denied*, 19-1401 (La. 11/5/19), 281 So.3d 672.

William argues that the phrase "as a residence for the two minor children" ends Kay's rights to use the property as a residence when the children reached the age of majority. We cannot agree given that the agreement explicitly states that it will remain valid as long as Kay chooses to reside there. Instead of creating a concluding term, the "as a residence for the two minor children" language illustrates that a cause of the contract was that the minor children would be able to continue to reside in the former family home. The children remaining in the former family home would be a legal cause, as well as something that both parents would likely desire.

The partition agreement, having granted a usufruct to Kay, left William with only a one-half interest in the naked ownership. Louisiana Civil Code Article 543 states:

> When property is held in indivision, a person having a share in full ownership may demand partition of the property in kind or by licitation, even though there may be other shares in naked ownership and usufruct.

> A person having a share in naked ownership only or in usufruct only does not have this right, unless a naked owner of an undivided share and a usufructuary of that share jointly demand partition in kind or by licitation, in which event their combined shares shall be deemed to constitute a share in full ownership.

"Under amended Civil Code article 543, neither a naked owner nor a usufructuary, acting individually, may demand partition "of the property" from a co-owner with perfect ownership." *Campbell v. Pasternack Holding Co., Inc.*, 625 So.2d 477, 483 (La.1993). Kay does not appear to have violated any of the three

4

stipulations that would have ended her usufruct early, therefore, William currently only has a one-half interest in the naked ownership of the property. As such, he cannot demand partition of the property from Kay, who has both the usufruct and a one-half interest in the naked ownership.

**CONCLUSION:**

For the reasons stated above, the judgment of the trial court is affirmed.

**AFFIRMED.**

# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT
### 20-512

**WILLIAM P. DERING**

**VERSUS**

**KAY W. DERING**

**\*\*\*\*\*\*\*\*\*\***

**SAVOIE, J. dissents and assigns written reasons.**

I respectfully dissent from the majority opinion. The former spouses agreed that Kay Dering would remain in the home "as residence for the two minor children" as long as she "chooses to reside there." I agree with William Dering that this language creates a right of habitation which ended when the children reached their majority. It did not create a usufruct over the property.

A usufruct over the property includes the right to move out of the house, rent the property and receive the income. *See* La.Civ.Code arts. 567 and 568. No such rights exist in the community property settlement at issue; therefore, the agreement could not have bestowed a usufruct upon Kay Dering. The rights enumerated are not included in the right of habitation. *See* La.Civ.Code arts. 630-638. As such, the language creates a right of habitation which ended when the children reached their majority.

The majority cites *Succession of Foster*, 19-209, p. 3 (La.App. 4 Cir. 7/31/19), ___So.3d___, ___, *writ denied*, 19-1401 (La. 11/5/19), 281 So.3d 672, to support the creation of a usufruct when ownership of property was granted to one party "subject to use as a domicile" by others "as long as they choose to reside there." This case can be distinguished from the present matter. The language in the Foster testament was clear that the decedent intended to create a usufruct. The Fourth Circuit found that Mrs. Foster's testament "captures and otherwise[ ] expresses the

decedent's testamentary intent[]" which "was to create a usufruct in favor of [Ms.] Tubman, [Ms.] Atkins and [Ms. Pierce] with the naked ownership of the property in favor of [Ms.] Zeno." The same express intent is lacking in the Dering case.

Further, "[a] husband and wife's agreement to partition community property is a transaction and compromise as contemplated by La. C.C. art. 3071." *Branton v. Branton*, 52,570, p. 2 (La.App. 2 Cir. 5/22/19), 273 So.3d 666, 668. "A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." La.Civ.Code art. 3071. "Interpretation of a contract is the determination of the common intent of the parties." La.Civ.Code art. 2045. Ambiguity as to intent arises when the contract's terms are susceptible to more than one interpretation. *Succession of Shaw v. Alexandria Inv. Grp., LLC*, 17-582 (La.App. 3 Cir. 7/26/17), 248 So.3d 332. "If there is any ambiguity, it is best resolved by reference to equity, usages, and the conduct of the parties before and after the formation of the contract." *McCartney v. McCartney*, 52,209, p. 5 (La.App. 2 Cir. 8/15/18), 256 So.3d 1101, 1105.

In the present case, the parties' intent is ambiguous. It is subject to multiple interpretations. One interpretation is that Kay Dering has a right to live in the home as long as she chooses. Another interpretation of the language is that Kay Dering has a right to live there as long as she chooses while the children are of minor age. Allowing minor children to live in the family home until they reach majority is a common intent during divorce proceedings; therefore, this interpretation is not unreasonable.

Based on the foregoing reasons, I would reverse the ruling of the trial court and allow the partition of the community property.