NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

20-608

GARRETT BASS

VERSUS

CHRISTOPHER SEPULVADO, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 70149
HONORABLE STEPHEN B. BEASLEY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN E. CONERY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, John E. Conery, D. Kent Savoie, Van H. Kyzar, and Sharon Darville Wilson, Judges.

**Savoie J.,** dissents and assigns reasons.
**Kyzar, J.,** dissents for the reasons assigned by Judge Savoie.

**REVERSED AND REMANDED.**

William D. Dyess
Dyess Law Firm, LLC
207 Church Street, Suite 106
Post Office Box 18
Natchitoches, Louisiana 71457
(318) 352-5880
COUNSEL FOR PLAINTIFF/APPELLANT:
    Garrett Bass

Misty Dawn Smith
Dowden & Smith, L.L.C.
301 South Third Street
Leesville, Louisiana 71446
(337) 238-2800
COUNSEL FOR DEFENDANT/APPELLEE:
    Christopher Sepulvado

Christina Edwards
In Proper Person
715 Blockhouse Road
Many, Louisiana 71449
PRO SE DEFENDANT/APPELLEE:
    Christina Edwards

**CONERY, Judge.**

The plaintiff, Garrett Bass (Bass), appeals the trial court's June 8, 2020 judgment granting the defendant Christopher Sepulvado's peremptory exception of peremption pursuant to La.Civ.Code art. 198, thereby dismissing Mr. Bass' petition to establish the paternity of S.J.S.[1] The mother of S.J.S., Christina Edwards, resumed her maiden name, and was named as a defendant in Mr. Bass' petition for paternity, but filed a pro-se brief acknowledging that Mr. Bass was the father of S.J.S. For the following reasons, we reverse the trial court's ruling granting Mr. Sepulvado's exception of peremption and remand the case to the trial court for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

Ms. Edwards and Mr. Sepulvado were married August 2, 2003. Ms. Edwards, while still married to Mr. Sepulvado, began an extramarital relationship with Mr. Bass at the end of October 2016. Ms. Edwards believed her minor daughter, S.J.S., was conceived sometime in April 2017, but was not sure of the exact date. She explained that, during that time period, she was having unprotected sexual relations with both Mr. Bass and Mr. Sepulvado.

The issue of paternity was further complicated due to the work schedule of her then husband, Mr. Sepulvado, who worked offshore and was gone for two or more weeks at a time. However, in a discussion between Mr. Sepulvado and Ms. Edwards, wherein he was telling her about **his** girlfriend, Ms. Edwards revealed to

---

[1] The minor child's initials are used throughout. *See, e.g.,* Uniform Rules—Courts of Appeal, Rule 5—2.

her then husband, Mr. Sepulvado, that she was pregnant and that there was a possibility that the child might not be his.

Shortly thereafter, on August 14, 2017, Mr. Sepulvado filed a petition seeking an immediate divorce from Ms. Edwards pursuant to La.Civ.Code art. 103.2, based on adultery. Mr. Sepulvado and Ms. Edwards reconciled in October 2017, approximately three months before S.J.S. was born on January 5, 2018. Mr. Sepulvado was named as the father of S.J.S. on the birth certificate. Mr. Sepulvado testified that the August 14, 2017 divorce petition was dismissed, but the dismissal is not in the record before this court. Ms. Edwards and Mr. Sepulvado separated again on March 28, 2018. Ms. Edwards filed for divorce on March 29, 2019, based on the couple living separate and apart for a year. A final divorce was granted on April 4, 2019.

Ms. Edwards testified she told Mr. Bass that he was the biological father of S.J.S. on August 10, 2019. Ms. Edwards also testified in her deposition, introduced into evidence at the hearing, as to the question of "What's special about August 10th of 2019?" Ms. Edward's responded that she and Mr. Bass had become engaged in July of 2019, and were on the telephone discussing that, due to her hysterectomy in May of 2019, she would be unable to have any more children. Ms. Edward's told Mr. Bass "that there was a possibility that [S.J.S.] was his. I mean, not even a possibility; I pretty much knew, and it went from there."

Thereafter, Mr. Bass obtained a DNA test, which was completed on September 20, 2019 and demonstrated that there was a 99.997% chance that he was the biological father of S.J.S. Mr. Bass filed his petition to establish paternity on November 25, 2019 seeking to "be recognized as the natural and biological father of

S.J.S. and to add his name to the birth certificate of S.J.S," well within one year from the date he was told by Ms. Edwards that he might be the father.

In response to Mr. Bass' petition, Mr. Sepulvado, as the presumptive father of S.J.S. pursuant to La.Civ.Code art. 185, filed the peremptory exception of peremption pursuant to La.Civ.Code art. 198, claiming that Mr. Bass' "action was not timely instituted within the one-year peremptive period from the date of birth of the child as required by Article 198 of the Louisiana Civil Code." Accordingly, he claimed that Mr. Bass' petition for paternity was perempted on its face

After a number of continuances and the delays associated with the COVID-19 public health emergency, the hearing on the exception of peremption was held on June 5, 2020. Testimony was taken and evidence submitted, along with argument of counsel. The trial court took the matter under advisement. The trial court issued its Judgment on June 8, 2020, without any findings of fact or reasons for judgment, granting the peremptory exception of peremption filed by Mr. Sepulvado and dismissing Mr. Bass' petition for paternity with prejudice. All costs were assessed to Mr. Bass. Mr. Bass timely filed this devolutive appeal seeking to reverse the trial court's June 8, 2020 judgment.

## LAW AND DISCUSSION

### *Standard of Review*

An appellate court may not set aside a trial court's finding of fact absent manifest error or unless it is clearly wrong. *Rosell v. ESCO,* 549 So.2d 840 (La.1989). However, the supreme court has explained that when the trial court makes an error of law:

> the manifest error standard is no longer applicable, and, if the record is otherwise complete, the appellate court should make its own independent *de novo* review of the record and determine a

3

preponderance of the evidence. A legal error occurs here when a trial court applies incorrect principles of law and such errors are prejudicial. Legal errors are prejudicial when they materially affect the outcome and deprive a party of substantial rights.

*Evans v. Lungrin*, 97-541, pp. 6-7, (La. 2/6/98), 708 So.2d 731, 735 (citations omitted). In this case, we find an error of law and review using the *de novo* standard.

### *Judicial Confession*

The hearing held on June 5, 2020 consists entirely of evidence and testimony for and against the application of La.Civ.Code art. 198, which was the basis of Mr. Sepulvado's exception of peremption he filed pursuant to La.Code Civ.P. art. 927(A)(2). That exception stems from the paternity presumption of La.Civ.Code art. 185, which provides, "The husband of the mother is presumed to be the father of a child born during the marriage or within three hundred days from the date of the termination of the marriage." Mr. Sepulvado claimed that Mr. Bass' petition for paternity was perempted on its face as it was filed more than one year from the child's birth, and Mr. Bass would be unable to prove the statutory exception allowing an extension of the peremptive period pursuant to La.Civ.Code art. 198, which states in pertinent part:

Nevertheless, if the mother in bad faith deceived the father of the child regarding his paternity, the action shall be instituted within one year from the day the father knew or should have known of his paternity, or within ten years from the day of the birth of the child, whichever first occurs first.

The parties have spent a considerable amount of time discussing the application of La.Civ.Code art. 198, as it seemingly precludes Mr. Bass' right to be named the biological father of S.J.S. and be added to her birth certificate. Mr. Bass, however, claims that his suit was filed within a few months of learning from Ms. Edwards that the child was his, and thus timely filed within a year of his learning of

4

his alleged paternity. Mr. Sepulvado claims that the trial court's ruling on the exception of peremption should be affirmed based on his status as the presumed father under La.Civ.Code art. 185, and the fact that Mr. Bass provided no evidence that he "was deceived" or otherwise unable to file his paternity suit within one year of the child's birth in accordance with La.Civ.Code art. 198.

On the record before us, we find that Mr. Sepulvado made a judicial confession in paragraph five of his August 14, 2017 divorce petition filed against Ms. Edwards which stated in pertinent part:

> Defendant is pregnant as a result of an adulterous relationship; given the timing of the pregnancy, **it is impossible for petitioner to be the biological parent of the fetus**. On April 14, 2017, defendant moved out of the former marital residence. She **later admitted to being pregnant by her affair partner**. It has since **been learned from defendant's mother that the father of the fetus is Garrett Bass**. (Emphasis added.)

Louisiana Civil Code Article 1853 states, "A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it. A judicial confession is indivisible and it may be revoked only on the ground of error of fact." Furthermore, "[t]he well settled jurisprudence establishes that an admission by a party in a pleading constitutes a judicial confession and is full proof against the party making it. A judicial confession has the effect of waiving evidence as to the subject of the admission." "A declaration made by a party's attorney or mandatory has the same effect as one made by the party himself." *C.T. Traina, Inc. v. Sunshine Plaza, Inc.*, 93-1003, p. 5 (La. 12/3/03), 861 So.2d 156, 159 (citations omitted)

Accordingly, we turn our attention to a discussion of the requirements and consequences of a judicial confession and the effect of La.Civ.Code art. 185, wherein Mr. Sepulvado is "presumed to be the father of a child born during the

marriage." Mr. Sepulvado's basis for his exception of peremption was La.Civ.Code art. 185, which contains the presumption that he was the father of S.J.S., as he was still married to Ms. Edwards at the time of the child's birth on January 5, 2018. However, his paternity claim is directly contrary to Mr. Sepulvado's specific allegations in his divorce suit against Ms. Edwards that Mr. Bass was the child's father as alleged which stated, "it is impossible for petitioner to be the biological parent of the fetus [S.J.S.]"

Louisiana Civil Code Article 1853 explicitly provides that a judicial confession may only be revoked on the ground that it is an error of fact. As was the case in *Traina*, at no time did Mr. Sepulvado assert that his prior statements in his 2017 divorce petition between he and Ms. Edwards denying his paternity of S.J.S and naming Mr. Bass as the biological father was made in error. In fact, Mr. Sepulvado placed into evidence the August 14, 2017 divorce petition containing the judicial confession, making it a part of the record in this litigation. His testimony at the hearing confirmed Mr. Sepulvado's knowledge that Mr. Bass was the father. We therefore find that based on the record before us, Mr. Sepulvado's judicial admission/confession that it was impossible for him to be the father of S.J.S. and that Mr. Bass was, in fact, her biological father was never revoked on the grounds of an error of fact.

The court in *C.T. Traina*, 861. So.2d at 160, further held that, "Because a judicial confession has the effect of waiving evidence relating to the subject of the admission and withdrawing the subject matter of the confession from issue, Traina was not required to offer at trial affirmative proof of its oral contract with Sunshine." Likewise, Mr. Sepulvado's judicial confession that he is not the father of S.J.S. and that Mr. Bass is the biological father of S.J.S. means that Mr. Bass was not required

to offer proof that his petition of paternity was timely filed pursuant to Article 198, as Mr. Sepulvado no longer enjoys the presumption of paternity pursuant to Article 185 based on his judicial confession. However, Mr. Sepulvado did in fact provide factual testimony in the record, again confirming the truth of the statements made in his judicial confession/admission that the child was not his and that Mr. Bass was the father.

Moreover, Mr. Bass offered conclusive, scientific, proof that he is the biological father of S.J.S., as confirmed by the DNA test of September 20, 2019, wherein it was determined there was a 99.997% probability that he is the biological father of the minor child S.J.S. The DNA test results contained the necessary chain of custody certification and were admitted into evidence at the hearing without objection.

The evidentiary effect of DNA testing is contained in La.R.S. 9:397.3(B)(2)(b) which provides, in pertinent part, "A certified report of blood or tissue sampling which indicates by a ninety-nine and nine-tenths percentage point threshold probability that the alleged father is the father of the child creates a rebuttable presumption of paternity." The presumption created by the DNA testing, coupled with the testimony of the mother, Ms. Edwards, that she and Mr. Bass engaged in unprotected sexual relations at the time of S.J.S's conception, and that she was of the firm belief that Mr. Bass is the father of her child, plus the judicial confession and admission of Mr. Sepulvado that it was impossible that he was the father of S.J.S. and that Mr. Bass was her father, conclusively established that Mr. Bass is S.J.S.'s father.

7

**CONCLUSION**

For the reasons assigned, we reverse the trial court's June 8, 2020 judgment granting Christopher Sepulvado's peremptory exception of peremption and enter judgment denying that exception. We remand the case to the trial court for further proceedings consistent with this opinion. Costs of this appeal are assessed to Christopher Sepulvado.

**REVERSED AND REMANDED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Courts of Appeal.

GARRETT BASS

VERSUS

CHRISTOPHER SEPULVADO, ET AL.

**********

**SAVOIE, J. dissents and assigns written reasons.**

The majority opinion has determined that we do not need to resolve the issue of the exception of peremption based on the finding that Mr. Sepulvado made a judicial confession that he is not the minor child's father in a separate action. I disagree. The narrow issue before us is peremption, and Mr. Bass failed to bring this matter timely in accordance with the law. For the following reasons, I respectfully dissent.

While Ms. Edwards was pregnant with the minor child, S.J.S., Mr. Sepulvado filed a Petition for Divorce in which he stated that it was impossible for the minor child to be his child. Sometime thereafter, Mr. Sepulvado and Ms. Edwards reconciled, and the divorce petition did not move forward. Mr. Sepulvado testified that it was dismissed. Mr. Sepulvado and Ms. Edwards were still married and living together when S.J.S. was born in January 2018, making Mr. Sepulvado the presumptive father under La.Civ.Code art. 185.

Because S.J.S. was born during the marriage, Mr. Sepulvado had the opportunity to disavow his paternity. La.Civ.Code art. 187. He did not do so within one year from the birth of the child. La.Civ.Code art 189. Thus, Mr. Sepulvado is not just the presumptive father, he is the legal father of the child.

In his petition to establish his paternity of the child, Mr. Bass very plainly acknowledges the status of Mr. Sepulvado as legal father of the child, as follows:

"[S.J.S.] was born during the marriage between Defendants and therefore defendant Christopher Sepulvado is legally presumed to be the father of [S.J.S.]" Nevertheless, the majority determines that the presumption of paternity does not apply, and the trial court legally erred in applying such. To reach this result, the majority equates Mr. Sepulvado's allegations in his initial petition for divorce as a judicial confession and a legal disavowal of the child so as to allow the open-ended time for the filing of the avowal action by Mr. Bass. It was not and cannot have such legal effect.

We have long recognized that there can be cases in which children may enjoy dual paternity rights. *Warren v. Richard,* 296 So.2d 813 (La.1974) and *Succession of Mitchell,* 323 So.2d 451 (La.1975). These cases, like the present one, involve children whose fathers were presumed to be such as they were the husbands of their mothers, but who were the biological children of other men. In each of the cases as in this one, there had been no disavowal action by the husband of the mother who was presumed to be the legal father of the children. The supreme court had no difficulty with the position that the children could possibly enjoy dual paternity rights. The court in *Warren* recognized the right of a child to recover for the wrongful death of its biological father while in *Mitchell* the Court recognized that children have rights to the succession of their biological father, though they still may enjoy the same from their legal father.

Moreover, the statement made by Mr. Sepulvado in the dismissed divorce action and relied upon by the majority is not a judicial confession.

> A judicial confession must be applied by the court in the proceeding in which it is made. *Bennett* [*v. Porter*, 10-1088 (La.App. 3 Cir. 3/9/11),] 58 So.3d 663. An admission made in a prior proceeding is not considered a judicial confession, but is rather an extrajudicial admission, which is generally not binding in later proceedings. *Id.* However, while not binding, extrajudicial confessions are admissible into the later proceedings as evidence. *Id.*

*Hebert v. Richard*, 15-8, p. 11 (La.App. 3 Cir. 6/17/15), 166 So.3d 1265, 1275.

Because Mr. Sepulvado's statement was made in a separate action, it cannot be a judicial confession. It is an extrajudicial admission. It follows that his statement does not waive the necessity of proof of paternity in the avowal action. It is not binding and does not "constitute full proof against the party who made it." *Id.* at 1271.

The majority opinion finds:

> Mr. Sepulvado's judicial confession that he is not the father of S.J.S. and that Mr. Bass is the biological father of S.J.S. means that Mr. Bass was not required to offer proof that his petition of paternity was timely filed pursuant to Article 198, as Mr. Sepulvado no longer enjoys the presumption of paternity pursuant to Article 185 based on his judicial confession.

Because his statement is clearly *not* a judicial confession, this finding does not stand.

Before this court is an exception of peremption. The applicable law is found in La.Civ.Code art. 198, which states:

> A man may institute an action to establish his paternity of a child at any time except as provided in this Article. The action is strictly personal.
>
> If the child is presumed to be the child of another man, the action shall be instituted within one year from the day of the birth of the child. Nevertheless, if the mother in bad faith deceived the father of the child regarding his paternity, the action shall be instituted within one year from the day the father knew or should have known of his paternity, or within ten years from the day of the birth of the child, whichever first occurs.
>
> In all cases, the action shall be instituted no later than one year from the day of the death of the child.
>
> The time periods in this Article are peremptive.

The comments to this codal article are instructive. Comment (f) (emphasis added) explains:

> The *only* exception to the time period of one year for the institution of an avowal action by the biological father is if the mother in bad faith deceives the father concerning his paternity. In such case the father may institute the action within one year from the day he knew or should have known of the birth of the child or within ten years of the child's birth, whichever first occurs. See former C.C. Art. 191 (2004) and R.S. 9:305.

As the biological father, Mr. Bass's right to present his avowal action must be done within the time frame allowed by law when the child has a legal or presumptive father. *Id.* The minor child, S.J.S., has a legal father - Mr. Sepulvado. Therefore, because of inaction on the part of Mr. Bass in failing to institute his action within a year of the date of the child's birth, he must rely on the only exception provided which allows the period to be extended if he was deceived as to his paternity.[1] Mr. Sepulvado's knowledge regarding the paternity of S.J.S. is of no consequence. The only issue before this court is whether Mr. Bass's late action falls under the exception to extend the period for filing his avowal action.

Mr. Bass and Ms. Edwards both testified that she did not tell him that he was the father of the minor child until August 2019. However, at the hearing, several witnesses disputed this fact, stating that Mr. Bass knew as early as the summer of 2017. Regardless, the test is when he "should have known of his paternity." In the Petition to Establish Paternity, Garrett Bass stated that he was in a sexual relationship with Ms. Edwards from October 2016 through October 2017. This means that he was in a sexual relationship with her during her pregnancy up until she was approximately seven months pregnant, wherein it was admitted that they repeatedly had unprotected sex.

The manifest error standard of review indeed applies here, and the trial court, after hearing the evidence, determined that Mr. Bass did not prove that he was deceived by Ms. Edwards. I can find no manifest error in that decision based on the evidence. The trial judge heard the witnesses and was in the best position to determine the weight and credibility to be afforded thereto. Accordingly, I would affirm the judgment of the trial court granting the exception.

---

[1] While the biological father has one year from the date of the birth of the child to institute his avowal action where there is a legal or presumptive father, a child may establish filiation at any time up to one year from the death of the alleged father, even in cases where there is also a legal father. La.Civ.Code art. 197.